715 So.2d 1064 (1998)
Carl A. JONSSON, Appellant,
v.
Myra J. JONSSON, Appellee.
No. 97-3094.
District Court of Appeal of Florida, Fifth District.
July 31, 1998.
Charles B. Tiffany, Kissimmee, for Appellant.
No Appearance for Appellee.
ANTOON, Judge.
Carl A. Jonsson (husband) appeals the trial court's final judgment dissolving his marriage to Myra J. Jonsson (wife). He contends the trial court abused its discretion in equitably distributing the parties' assets and in awarding the wife permanent periodic alimony and a contribution toward her attorney's fees. Finding no abuse of discretion, we affirm.
The gravamen of the husband's claim of error is that the trial court failed to consider the wife's conduct with regard to her dissipation of the parties' marital assets when ordering the husband to pay the wife alimony and a contribution towards her attorney's fees. He correctly argues that in determining equitable distribution, alimony, and attorney's fees, the trial court may consider whether one party intentionally dissipated the marital assets or adversely affected the financial status of the other party. See Murray v. Murray, 636 So.2d 536, 538 (Fla. 1st DCA 1994); see also Adams v. Adams, 677 So.2d 6, 8 (Fla. 5th DCA 1996); § 61.075(1)(i), Fla. Stat. (Supp.1996).
However, the instant record reveals that the trial court did consider the wife's conduct. In a detailed and thorough final judgment, the trial court distributed $139,832 in marital assets to the husband and $106,729 in marital assets to the wife, explaining:
The wife was responsible for a diminution of the marital assets by her surreptitious misuse of credit. The Court feels it appropriate to reduce her portion of the equitable distribution of the assets and debts due to this fact.
We will not disturb this sound exercise of the trial court's discretion. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). Accordingly, we affirm.
AFFIRMED.
COBB and THOMPSON, JJ., concur.