880 So.2d 712 (2004)
James A. BARBER, Appellant,
v.
Maureen G. GOODWIN f/k/a Maureen G. Barber, Appellee.
No. 2D03-689.
District Court of Appeal of Florida, Second District.
May 5, 2004.
*713 William S. Chambers, IV, of McKinley & Chambers, P.A., Bartow, for Appellant.
Debra J. Sutton of the Law Office of Debra J. Sutton, P.A., Bartow, for Appellee.
CANADY, Judge.
James A. Barber appeals a final order modifying child support and awarding attorney's fees to Maureen G. Goodwin, his former wife. Barber raises two issues. First, he argues that the order does not contain sufficient findings to support the trial court's determination concerning the modification of child support. On this issue, we conclude that Barber's argument is without merit and therefore affirm the trial court's determination. Second, Barber argues that the order does not contain sufficient findings to support the award of attorney's fees to Goodwin. On this issue, we conclude that reversal of the order is required.
The portion of the court's order awarding attorney's fees simply states that Barber "shall contribute to Goodwin's attorney's fees and costs by paying $750 to counsel for Goodwin." The order contains no findings establishing the basis for the award of fees. The trial court's failure to set forth such findings in its order was error.
"[A] trial court cannot decide the issue of attorney's fees without findings as to one spouse's ability to pay fees and the other spouse's need to have fees paid." Perrin v. Perrin, 795 So.2d 1023, 1024 (Fla. 2d DCA 2001) (citing Schlafke v. Schlafke, 755 So.2d 706 (Fla. 4th DCA 1999)); see also § 61.16(1), Fla. Stat. (2002) ("The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals."). As the supreme court has explained in Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997), a trial court's determination regarding entitlement to fees under section 61.16(1) may also be based on findings concerning "any factor necessary to provide justice and ensure equity between the parties." Once the trial court has determined that there is an entitlement to fees, the court must set forth findings regarding the factors that justify the specific amount awarded. See Shields v. Shields, 502 So.2d 1349 (Fla. 2d DCA 1987); see also Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
Here, the trial court's order has no findings establishing the basis for the entitlement to fees and no findings establishing the basis for the specific amount awarded for fees. Accordingly, we reverse the award of fees and remand for further proceedings. On remand, the trial court shall enter an order setting forth the necessary findings with respect to the entitlement to fees, as well as the necessary findings regarding the determination of the amount awarded.
Affirmed in part, reversed in part, and remanded.
FULMER and COVINGTON, JJ., concur.