901 So.2d 895 (2005)
Harvey POMERANZ, Appellant,
v.
Ronna Salinger POMERANZ, Appellee.
Nos. 4D03-3127, 4D03-3243.
District Court of Appeal of Florida, Fourth District.
April 20, 2005.
Rehearing Denied June 7, 2005.
*896 Cynthia L. Greene of the Law Offices of Greene, Smith & Associates, P.A., Miami, and the Law Offices of Wolfson & Konigsburg, P.A., Davie, for appellant.
Terry Ellen Fixel of Fixel & LaRocco, Hollywood, for appellee.
PER CURIAM.
The Former Husband appeals a final judgment of dissolution of marriage. The trial court refused to incorporate into the final judgment a property settlement agreement signed by both parties because there was not "adequate financial disclosure" to the former wife. We affirm, without comment, on all grounds raised by the Former Husband except one.
After disregarding the property settlement agreement, the trial court equitably distributed the appreciation in the bond portion of the Former Husband's IRA. However, the judge failed to equitably distribute the assets in the Former Wife's IRA, even though the judge made a finding of fact that the Former Wife's IRA "was substantially funded during the marriage."
Decisions of the trial court concerning the equitable distribution of marital assets are reviewed under an abuse of discretion standard. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The failure of the trial judge to explain why this marital asset would not be equitably distributed, when all other marital assets were equitably distributed, runs afoul of section 61.075(3), Fla. Stat. (2003). Therein, an equitable distribution plan requires "specific written findings of fact" including "findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution of marital assets and allocation of liabilities." § 61.075(3)(d). The trial judge's failure to include such findings of fact or explanations as to why this marital asset was not equitably distributed prevents this Court from reviewing the decision. See Broadfoot v. Broadfoot, 791 So.2d 584, 585 (Fla. 3d DCA 2001) (reserving the right to "reverse on account of an absence of findings... if the absence of the statutory findings frustrates this court's appellate review"). As such, we reverse and remand to the trial court on this issue.
AFFIRMED, in part, REVERSED, in part, and REMANDED for further proceedings.
GUNTHER, STONE and STEVENSON, JJ., concur.