969 So.2d 1185 (2007)
Kim Marie ADAMS, Appellant,
v.
William Scott COOK, Appellee.
No. 5D06-1015.
District Court of Appeal of Florida, Fifth District.
December 7, 2007.
Lisa R. Patten and Lorraine M. Durham, of Patten Law Firm, Orlando, for Appellant.
Gregory K. Mausser, Sanford, for Appellee.
PER CURIAM.
Kim Marie Adams ["Wife"] appeals the trial court's Final Judgment of Dissolution of Marriage, raising three issues concerning equitable distribution of marital assets and debt. Two of these have merit.
First, it was error to award all business profits to her husband, William *1186 Cook ["Husband"]. Wife appears to concede that the parties' business, a public adjusting firm, should be valued based on receivables. She claims entitlement to half of the $67,383.87 in receipts actually received by Husband after the petition for dissolution was filed. In the final judgment, the trial court declined to order equitable distribution, finding that the money that the business received on account of cases that were in progress at the time the petition was filed was "consumed by the parties, used to pay off loans, or otherwise divided by the parties."
On appeal, Wife makes essentially two arguments: that the trial court reversibly erred because it failed to "quantify the value of the business and the amount of debt allegedly incurred by the parties for living expenses and used to offset the value of the business;" and because there was no competent substantial evidence to support the court's finding that "the value was offset by alleged loan payments, the parties consumed the profits in the prior year, or that the business was equitably divided between the parties prior to trial." We agree with both contentions.
On the date that the petition was filed, the parties had a number of marital assets and liabilities to be distributed between them, including real property, bank accounts, and the business. The partial mediation agreement, which the parties entered into in June of 2004, divided the Wingfoot property, specified IRA accounts, and all financial accounts, except the Everbank account. Additionally, the mediation agreement noted that in settling on the amount to be distributed to Wife with respect to the financial accounts, "[t]he Home Depot, Lowes and the taxes on the Triangle building" were taken into account and resolved. Further, the trial court's final judgment expressly stated that "the parties had resolved all issues" prior to trial, except for the valuation and equitable distribution of the business, the valuation and equitable distribution of the Rouse Road property, the student loans, Wife's claim for a bicycle, and claims for attorney's fees and costs.
There is no record evidence of joint expenses after the filing nor evidence that Husband and Wife jointly consumed the value of the business that existed on the date of the filing. See § 61.075(6), Fla. Stat. (2003). Further, no testimony was presented to establish that payments from the claims, which were in progress at the time the petition was filed, were used to pay off loans. Husband suggested in his closing that the payments from the claims were used in part to pay off debts that the parties jointly incurred at Lowes and Home Depot. However, those debts were equitably divided in connection with financial accounts under the mediation agreement. Finally, there is no evidence that the business was "otherwise divided" by the parties prior to trial. Indeed, the Final Judgment made it clear that equitable distribution of the business had not occurred at the time of trial. The trial court erred in failing to equitably distribute to Wife her share of this asset.
The trial court also erred by not following section 61.075(5), Florida Statutes, when considering Wife's claim that her student loans were a marital debt. In August of 2002, Wife began law school, and Husband supported her in this decision. During the course of the marriage, Wife incurred three semesters worth of student loans totaling $27,750. The loan she took out each semester exceeded her tuition for the semester and the surplus funds available from the loans were deposited into Husband and Wife's joint bank accounts. About $3,000 per semester, or a total of $9,000, was deposited into the couple's *1187 joint bank accounts. The couple used the extra loan money that was deposited into their joint bank accounts for living expenses.[1]
The trial court concluded that the student loans were not marital debt and, as a result, Husband was not responsible for any portion of it. The trial court reasoned that Wife's law degree was solely for her benefit and, thus, the debt incurred in obtaining it was solely hers. Husband properly concedes on appeal that the student loan debt should have been listed as a marital debt. However, he asserts that "[w]hile technically a debt incurred during the course of a marriage by one party is marital debt for purposes of equitable distribution, finding the party who has not received the benefit of the education, and will obtain no benefit from that education, liable for the debt in creating that education is inequitable."
Wife correctly points out that the trial court did not find, and there is no basis in the evidence from which one could conclude, that it would be inequitable to allocate the student loan debt between the parties. Indeed, the trial court never reached the issue of equitable distribution, because the court failed to recognize the student loans as marital debt. Second, whether one party obtained the benefit of the marital debt does not determine the equitable distribution of the debt under section 61.075(1). On these two issues, we reverse and remand for equitable distribution.
Wife's third complaint on appeal, that the trial court erred in valuing the marital home, has no merit. On that issue, we affirm.
AFFIRMED in part; REVERSED in part; and REMANDED.
GRIFFIN, THOMPSON, JJ., and SIMMONS, C., Associate Judge, concur.
NOTES
[1] Wife graduated from Barry University School of Law in May of 2005, passed the bar exam, and was authorized to be sworn in at the time the trial began.