VILLANTI, Judge.
 

 Brenda Rogers (the Wife) appeals from the final judgment of dissolution of her marriage to Thomas Rogers (the Husband), contending that the trial court abused its discretion by making an unequal distribution of marital liabilities and by awarding her only a portion of her attorney’s fees and ordering them payable over time. Because the final judgment contains neither factual findings to support the unequal distribution of the marital debts nor factual findings to support the attorney’s fee award or its payment plan, we reverse and remand for further proceedings on these two issues. In all other respects, we affirm.
 

 Facts
 

 The parties were married for just over eight years. When the parties married, the Wife moved into the Husband’s residence, which was already furnished. During the marriage, the parties accumulated few assets. The primary ones were two vehicles — a 2002 Mercury Mountaineer and a 1991 Lincoln Town Car. At the time of the dissolution hearing, the Mountaineer was worth approximately $12,000, but it was also subject to a car loan of approximately $12,000. The Town Car, which was worth approximately $2200, was owned outright.
 

 In addition to these few assets, the parties accumulated various debts during the marriage. Besides the loan on the Mountaineer, the parties had credit card debt totaling approximately $5000. The parties also owed $23,707.21 on the Wife’s student loan. The student loan debt was incurred during the marriage after the parties agreed that the Wife would quit her job and return to school to obtain her paralegal degree. At the time of the dissolution hearing, the Wife had recently completed her degree, although she was not yet working as a paralegal.
 

 At the dissolution hearing, both parties argued for an equitable distribution of the marital assets and liabilities. The Wife argued that her student loans were a marital debt that should be equitably distributed. The Husband argued that it would not be equitable for him to pay any portion of the student loan debt because he would never benefit from the Wife’s degree. Without making any explicit factual findings, the trial court distributed the entire student loan debt to the Wife. In addition, the trial court awarded the Wife the Mountaineer and its accompanying debt. The trial court awarded the Husband his nonmarital residence and its furnishings as well as the Town Car, and it made the Husband solely responsible for the $5000 in credit card debt. Thus, the Wife left the marriage with approximately $45,000 in debts and the Husband left with approximately $5000.
 

 At the dissolution hearing, the Wife also sought an award of her attorney’s fees from the Husband, arguing that she had a need for payment of those fees and that the Husband had the ability to pay. The trial court awarded the Wife $2000 of the attorney’s fees she sought; however, it made no factual findings to support an award of this sum. Moreover, the trial court permitted the Husband to pay the fee award in two installments over the course of a year, but it also made no
 
 *291
 
 findings to support this payment plan. The Wife now appeals the final judgment, challenging both the equitable distribution scheme and the attorney’s fee award.
 

 Equitable Distribution
 

 This court reviews the trial court’s distribution of marital assets and liabilities for abuse of discretion.
 
 See Canakaris v. Canakaris,
 
 382 So.2d 1197, 1202 (Fla.1980);
 
 Smith v. Smith,
 
 934 So.2d 636, 638 (Fla. 2d DCA 2006). While the initial premise behind an equitable distribution of marital assets and liabilities is equal distribution,
 
 see
 
 § 61.075(1), Fla. Stat. (2007), when proper justification is shown, a trial court may make an unequal distribution,
 
 see Feger v. Feger,
 
 850 So.2d 611, 615 (Fla. 2d DCA 2003). “The final distribution of marital assets, whether equal or unequal, must be supported by factual findings based on substantial competent evidence.”
 
 Guida v. Guida,
 
 870 So.2d 222, 224 (Fla. 2d DCA 2004). Further, these findings must “advise the parties or the reviewing court of the trial court’s rationale for the distribution.” § 61.075(3)(d).
 

 While the Wife’s initial brief frames her argument as a broad attack on the entire equitable distribution scheme, her only real contention is that the trial court abused its discretion by assigning to her the entire student loan debt. We agree.
 

 As a general proposition, student loan debt incurred during the marriage is a marital liability.
 
 See, e.g., Smith,
 
 934 So.2d at 641;
 
 Adams v. Cook,
 
 969 So.2d 1185, 1187 (Fla. 5th DCA 2007);
 
 Banton v. Parker-Banton,
 
 756 So.2d 155, 156 (Fla. 4th DCA 2000);
 
 see also
 
 § 61.075(5)(a)(l). Thus, in the absence of specific findings supporting the unequal distribution of a student loan debt, such debt must be equitably distributed between the parties.
 
 See Smith,
 
 934 So.2d at 641;
 
 Adams,
 
 969 So.2d at 1187. The fact that one party will not receive any benefit from the other party’s education because of the dissolution is not a factor to be considered when allocating a marital debt for student loans.
 
 See Smith,
 
 934 So.2d at 641;
 
 Adams,
 
 969 So.2d at 1187. Thus, absent some other justification for an unequal distribution, controlling case law forbids a trial court from awarding student loan debt incurred during the marriage solely to one party or the other.
 

 Here, the final judgment distributes approximately $45,000 in marital debt to the Wife, including the entire student loan debt, and approximately $5000 in marital debt to the Husband. The trial court made no findings, either at the hearing or in the written final judgment, to support this unequal distribution of the marital debts. The only argument made at the dissolution hearing concerning the student loan debt was the Husband’s argument that it would be inequitable for him to be responsible for half of the student loan debt when the Wife would receive all of the benefit. However, even assuming that this is the trial court’s rationale for its distribution of the debts, as noted above this is not a valid justification for the unequal distribution. Accordingly, we reverse and remand for the trial court to reconsider the distribution of the marital debts. Because of the relatively limited marital assets, this may require the trial court to reconsider its entire equitable distribution scheme.
 

 Attorney’s Fees
 

 The Wife also contends that the trial court abused its discretion by awarding her only a portion of her attorney’s fees and by allowing those fees to be paid in two installments over a one-year period. While the trial court may have had sound reasons for awarding fees in this manner, it made neither oral findings at the hear
 
 *292
 
 ing nor written findings in the final judgment to support the amount of the fee award or the imposition of a payment plan. Thus, we must reverse and remand for further proceedings on this issue as well.
 

 “[A] trial court cannot decide the issue of attorney’s fees without findings as to one spouse’s ability to pay fees and the other spouse’s need to have fees paid.”
 
 Perrin v. Perrin,
 
 795 So.2d 1023, 1024 (Fla. 2d DCA 2001) (citing
 
 Schlafke v. Schlafke,
 
 755 So.2d 706, 707 (Fla. 4th DCA 1999)). In addition to need and ability to pay, a trial court’s decision regarding entitlement to fees under section 61.16(1) may be based on “catch-all” type findings concerning “any factor necessary to provide justice and ensure equity between the parties.”
 
 Rosen v. Rosen,
 
 696 So.2d 697, 700 (Fla.1997). If the trial court determines that there is an entitlement to attorney’s fees, it must also set forth findings regarding the factors that justify the specific amount awarded.
 
 See Barber v. Goodwin,
 
 880 So.2d 712, 713 (Fla. 2d DCA 2004);
 
 Shields v. Shields,
 
 502 So.2d 1349, 1350 (Fla. 2d DCA 1987). Moreover, while the trial court has discretion to allow payment of an award of attorney’s fees over time, it must set forth some factual basis for imposing the specific payment plan selected.
 
 See Lowman v. Lowman,
 
 724 So.2d 648, 649-50 (Fla. 2d DCA 1999).
 

 Here, the final judgment contains no findings establishing the basis for the entitlement to fees or supporting the limited amount of fees awarded. The final judgment also contains no findings that would support allowing the Husband to pay the attorney’s fee award in two installments over a one-year period. Accordingly, we reverse the attorney’s fee award. On remand, if the trial court again awards the Wife attorney’s fees, it must make the findings necessary to support the entitlement to fees, the amount of fees awarded, and any payment plan it chooses to impose.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
 

 SILBERMAN and WALLACE, JJ., Concur.