VILLANTI, Judge.
 

 Marion Wallace (the Husband) appeals the final judgment of dissolution of his marriage to Melba Wallace (the Wife). We affirm the dissolution of marriage but reverse the remainder of the judgment and remand for further proceedings.
 

 The Husband claims that the trial court committed reversible error by (1) failing to make the requisite findings to support its determination that the Wife’s income was less than that established by the undisputed testimony, (2) distributing the parties’ assets and liabilities unequally without establishing a valuation date and without making specific findings to justify the unequal distribution, and (3) ordering the Husband to pay the Wife’s attorney’s fees without making the requisite findings concerning the reasonable hours expended and the reasonable hourly rate. Because controlling statutory and case law requires
 
 *1119
 
 that each of these determinations be made by the trial court, we must reverse and remand for such findings.
 
 See Lin v. Lin,
 
 37 So.3d 941, 943 (Fla. 2d DCA 2010) (“The trial court’s determination of the amount of a party’s income must be supported by competent, substantial evidence.”);
 
 Rogers v. Rogers,
 
 12 So.3d 288, 291-92 (Fla. 2d DCA 2009) (reversing an attorney’s fee award and remanding for specific findings supporting the court’s determination of entitlement to fees, the amount of fees awarded, and any payment plan it imposes);
 
 McCants v. McCants,
 
 984 So.2d 678, 682 (Fla. 2d DCA 2008) (holding that a final judgment of dissolution that awards alimony based on a determination of income that is not supported by competent, substantial evidence must be reversed);
 
 Pavese v. Pavese,
 
 932 So.2d 1269, 1270 (Fla. 2d DCA 2006) (citing section 61.075(3), Florida Statutes, and holding that a final judgment of dissolution that fails to include specific written findings of fact that identify, classify, value, and distribute the parties’ assets and liabilities must be reversed);
 
 Pignataro v. Rutledge,
 
 841 So.2d 636, 638 (Fla. 2d DCA 2003) (holding that a final judgment of dissolution must contain specific written findings valuing the parties’ assets and liabilities and justifying any unequal distribution);
 
 Walker v. Walker,
 
 818 So.2d 711, 713 (Fla. 2d DCA 2002) (holding that the trial court’s failure to make adequate factual findings to explain or support its decision regarding the type and amount of alimony requires reversal for such findings).
 

 It may well be that the result on remand is a change in the composition of the award types and amounts, and therefore the trial court is not bound by its initial determinations on these issues. Further, as freely acknowledged by the Husband at oral argument, remand for additional factual findings may result in a greater alimony award to the Wife in this long-term marriage. This is a risk the Husband has chosen to take. In addition, while the parties have few assets to be distributed between them, controlling authority does not recognize the paucity of assets as an exception to the requirement that the statutorily required findings be included in the final judgment of dissolution. Hence, while we affirm the dissolution of marriage, we must reverse and remand the balance of the judgment for further findings.
 

 Affirmed in part, reversed in part, and remanded with instructions.
 

 SILBERMAN and CRENSHAW, JJ„ Concur.