VILLANTI, Judge.
Bernard R. Perez (the Husband) appeals the trial court’s order that awarded Carmen Perez (the Wife) a portion of the attorneys fees and costs she incurred during the parties’ dissolution case. The Wife cross-appeals, arguing that the trial court abused its discretion by not awarding her a greater portion of the fees and costs she incurred. Because neither the record on appeal nor the amended final judgment nor the order awarding attorneys fees and costs contains the findings necessary to *771 support the award, we reverse and remand for further proceedings.
The dissolution of marriage action between the Husband and Wife was protracted and exceedingly contentious, ultimately comprising six boxes of record in this court. After a lengthy dissolution hearing, the trial court entered a final judgment of dissolution and an amended final judgment. In the amended final judgment, the trial court found that the Husband had the ability to contribute to the Wife’s attorney’s fees and costs, but it made no findings concerning the Wife’s need for such an award. Nevertheless, the trial court reserved jurisdiction to consider an award of fees and costs to the Wife. The trial court subsequently held a hearing on attorney’s fees and costs at which the parties presented evidence concerning some of the Wife’s expenses and the amount of fees and costs she had incurred. The trial court made no findings during the hearing. In a subsequent written order, the court awarded the Wife $200,000 in attorney’s fees and costs, payable by the Husband at the rate of $2500 per month. The Husband now appeals, arguing that neither the amended final judgment nor the fee order contain sufficient findings to support the trial court’s award. The Wife cross-appeals, contending that the findings made by the trial court do not support the adequacy of the amount of fees and costs awarded. We agree that neither the record on appeal nor either order contains sufficient factual findings to support the award to the Wife, and we reverse and remand for further proceedings.
Decisions regarding an award of attorney’s fees in a dissolution case are governed by section 61.16, Florida Statutes (2008), which requires the court to consider “the relative financial resources of the parties” in evaluating whether an award of fees is appropriate. In doing so, “the trial court must look to each spouse’s need for suit money versus each spouse’s respective ability to pay.” Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997); see also Balko v. Balko, 957 So.2d 15, 16 (Fla. 2d DCA 2007). The consideration of need and ability to pay includes a consideration of the overall financial resources of each of the parties, not just income and earning capacity. See Crick v. Crick, 78 So.3d 696, 699 (Fla. 2d DCA 2012); Pinder v. Pinder, 911 So.2d 870, 873-74 (Fla. 2d DCA 2005); Stoler v. Stolen 679 So.2d 837, 838 (Fla. 2d DCA 1996). In addition, a trial court may also consider “any factor necessary to provide justice and ensure equity between the parties.” Rosen, 696 So.2d at 700.
After considering these factors, the trial court must make specific factual findings — either at the hearing or in the written judgment — supporting its determination of entitlement to an award of attorney’s fees. See Wallace v. Wallace, 46 So.3d 1118, 1118-19 (Fla. 2d DCA 2010); Rogers v. Rogers, 12 So.3d 288, 291-92 (Fla. 2d DCA 2009); Perrin v. Perrin, 795 So.2d 1023, 1024 (Fla. 2d DCA 2001) (“[A] trial court cannot decide the issue of attorney’s fees without findings as to one spouse’s ability to pay fees and the other spouse’s need to have fees paid.”). Moreover, if the trial court determines that there is an entitlement to fees, the court must “set forth findings regarding the factors that justify the specific amount awarded.” Rogers, 12 So.3d at 292 (emphasis added); see also Esaw v. Esaw, 965 So.2d 1261, 1265 (Fla. 2d DCA 2007) (noting that “an award of attorney’s fees without adequate findings justifying the amount of the award is reversible”); Barber v. Goodwin, 880 So.2d 712, 713 (Fla. 2d DCA 2004). Further, “while the trial court has discretion to allow payment of an award of attorney’s fees over time, it must set forth some factual basis for imposing *772 the specific payment plan selected.” Rogers, 12 So.3d at 292 (citing Lowman v. Lowman, 724 So.2d 648, 649-50 (Fla. 2d DCA 1999)).
 In this case, the amended final judgment finds that the Husband’s income was $47,326 per month while the Wife made $300 per week. The amended final judgment states that the Wife has a monthly need of $11,839; however, the court actually awarded her $12,800 in monthly alimony. The court’s child support worksheet shows that, after the awards of alimony and child support, the Husband will have $20,905.73 available to pay monthly expenses while the Wife will have $14,425.45. However, the trial court made no findings — either orally or in writing — concerning either parties’ monthly expenses. In the absence of such findings, there is nothing in the amended final judgment to establish either that the Wife has a need or that the Husband has the ability to pay an award of attorney’s fees. Because the trial court may not award fees based “solely on the relative income of the parties,” Balko, 957 So.2d at 16, and because neither the amended final judgment nor the fee order contains sufficient factual findings concerning need and ability to pay, we must reverse the order awarding attorney’s fees and costs to the Wife and remand for further proceedings.
Because we are remanding for further proceedings, we take this opportunity to address certain other deficiencies in the fee order to provide guidance to the trial court on remand. First, we note that the fee order contains conflicting findings concerning the reasonable hourly rate for the Wife’s attorneys. For example, the trial court found in paragraph N that the $475 hourly rate charged by the Wife’s first attorney was reasonable; however, in paragraph Y, the court found that the reasonable hourly rate should have been $350. There are also inconsistencies in the trial court’s findings concerning the hours reasonably incurred by each of the Wife’s attorneys. These internal inconsistencies result in the lack of any meaningful findings to support the attorney’s fee award and require reversal. Cf. In re Guardianship of Ansley, 94 So.3d 711, 714 (Fla. 2d DCA 2012) (finding that internal inconsistency in trial court’s factual findings supporting an attorney’s fee award “results in the lack of any meaningful findings concerning the reasonable hourly rates and the number of hours compensated” and requires reversal for a new order). On remand, if the court again awards attorney’s fees, it must make findings concerning the reasonable hours incurred and the reasonable hourly rate that are not internally inconsistent.
Second, we note that the fee order contains no findings to support the trial court’s award of the portion of the Wife’s fees it ordered the Husband to pay. As noted above, the trial court must “set forth findings regarding the factors that justify the specific amount awarded.” Rogers, 12 So.3d at 292 (emphasis added). Here, the trial court found that the Wife reasonably should have incurred fees and costs totaling $275,000, and it ordered the Husband to pay $200,000 toward these fees and costs. However, the order contains no findings to justify the specific amount awarded, and the court may not simply choose an arbitrary figure in an effort to do some esoteric type of equity between the parties. See, e.g., Sharon v. Sharon, 35 So.3d 962, 965 (Fla. 2d DCA 2010) (reversing fee award that, while perhaps well-intended in an effort to convince the parties to stop litigating, was not based on factual findings regarding reasonable hours and reasonable hourly rates). On remand, if the trial court again requires the Husband to pay a portion of the Wife’s *773 fees and costs, it must set forth findings that justify the specific amount awarded.
Third, to the extent that the trial court may have intended to award some portion of the Wife’s fees and costs as a sanction for the Husband’s litigation misconduct, the fee order again contains insufficient findings. If attorney’s fees are to be awarded as a sanction for litigation misconduct, the court must make findings that support the reduction or enhancement factors set out in Rosen and must explain what portion of the fees incurred was “occasioned by [the] husband’s misconduct.” Gagnon v. Gagnon, 539 So.2d 1179, 1179 (Fla. 1st DCA 1989); see also Trespalacios v. Trespalacios, 978 So.2d 858, 861 (Fla. 2d DCA 2008) (reversing fee award because while the trial court may have had the Rosen factors in mind when it mentioned the contentious nature of the litigation in making the award, the court’s findings did not make it clear that it was sanctioning the husband); Elliott v. Elliott, 867 So.2d 1198, 1201-02 (Fla. 5th DCA 2004) (reversing fee judgment that contained only references to husband’s alleged misconduct but no factual findings and remanding for the court to “articulate the precise nature and extent of the conduct it believes warrants an assessment of attorney’s fees under Rosen and its impact on the attorney’s fees incurred by the wife”).
Here, the fee order contains conflicting findings concerning the extent to which both parties were responsible for the over-litigation of this case. In addition, while the court appears to make specific findings in paragraphs G, R, and W concerning the fees and costs occasioned by the Husband’s misconduct, those findings do not correlate with the amount actually awarded to the Wife in paragraph Y. Moreover, in paragraph Z, the court found that all of the Wife’s fees and costs over $275,000 were “either directly related to Former Husband’s misconduct or Former Wife’s over-pursuit of her Motions for Contempt, Motions to Compel, and other litigation that did not ultimately provide any gain to Former Wife.” Thus, it is not at all clear whether the trial court awarded the $200,000 in attorney’s fees and costs based on need and ability to pay or as a sanction for the Husband’s misconduct or as some combination thereof. On remand, if the court intends to require the Husband to pay some portion of the Wife’s fees and costs as a sanction for his litigation misconduct, the court must make appropriate findings on that issue as well.
Fourth, we note that while the trial court crafted a payment plan for the Husband’s payment of the Wife’s fees and costs, the court made no factual findings to support the imposition of such a plan. This court has held that “while the trial court has discretion to allow payment of an award of attorney’s fees over time, it must set forth some factual basis for imposing the specific payment plan selected.” Rogers, 12 So.3d at 292. Here, the fee order contains no such findings, and no findings that would support the imposition of a payment plan were made at the hearing. On remand, the trial court may again impose a payment plan if it makes the factual findings to support such a decision.
For all of these reasons, we reverse the order awarding fees and costs to the Wife and we remand for further proceedings. We note that, contrary to the Husband’s assertion in his brief, the parties did present evidence at both the final hearing and the fee hearing that the trial court could use to make appropriate findings. Accordingly, while the trial court may take additional evidence on remand if it believes it necessary, the trial court is not required to do so.
*774 Reversed and remanded for further proceedings.
CASANUEVA and MORRIS, JJ., Concur.