KHOUZAM, Judge.
Michelle Rowe appeals an order modifying the final judgment of dissolution of her marriage to Jose A. Rodriguez-Schmidt as well as a corrected order granting her attorney’s fees and costs. As to the two issues she raises challenging the modification, we affirm without comment. But we reverse and remand the order granting her attorney’s fees and costs because the court erred in failing to make specific factual findings to support its award.
“[T]he trial court must make specific factual findings — either at the hearing or in the written judgment — supporting its determination of entitlement to an award of attorney’s fees.” Perez v. Perez, 100 So.3d 769, 771 (Fla. 2d DCA 2012). And “if the trial court determines that there is an entitlement to fees, the court must ‘set forth findings regarding the factors that justify the specific amount awarded.’ ” Id. (quoting Rogers v. Rogers, 12 So.3d 288, 292 (Fla. 2d DCA 2009)). The court must consider the financial resources of the parties and evaluate their relative need for and ability to pay attorney’s fees. See § 61.16, Fla. Stat. (2012); Perez, 100 So.3d at 771. “The consideration of need and ability to pay includes a consideration of the overall financial resources of each of the parties, not just income and earning capacity.” Perez, 100 So.3d at 771.
Though the parties’ financial resources are the primary factor, the court *160 may also consider other relevant factors, such as those set forth by the Florida Supreme Court in Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997). Those factors include “the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.” Id. Ultimately, the court may consider “any factor necessary to provide justice and ensure equity between the parties.” Id.
Here, the court did not make any specific factual findings at the final hearing on attorney’s fees. In the order granting Ms. Rowe’s motion for attorney’s fees and costs, the court found that Ms. Rowe had a need for contribution and that Mr. Rodriguez-Sehmidt had a limited ability to pay. The court delineated the fees and costs that it determined to be reasonable. But the order did not include specific factual findings to justify a determination of entitlement to fees or the amount of fees awarded. Thus, we must reverse and remand for the trial court to set forth specific factual findings. And though the court is not required to address the factors set forth in Rosen, we note that the court may consider Rosen factors and include them in its written findings if they are used to justify the award.
Affirmed in part; reversed in part, and remanded.
ALTENBERND and SLEET, JJ., Concur.