DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BERLINE LAPOMAREDE,**
Appellant,

v.

**SAMUEL PIERRE,**
Appellee.

No. 4D2024-0037

[November 27, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elaine A. Carbuccia, Judge; L.T. Case No. FMCE21-13718.

Jonathan Mann and Robin Bresky of Schwartz Sladkus Reich Greenberg Atlas LLP, Boca Raton, for appellant.

Joseph Zager of ZagerLaw, P.A., Fort Lauderdale, for appellee.

WARNER, J.

The former wife appeals a final judgment of dissolution as to the trial court's order for time-sharing with the minor child and the equitable distribution of a loan. With respect to the time-sharing, former wife claims that she was denied due process notice of the former husband's request for week on/week off time-sharing, and claims that the time-sharing schedule was not in the child's best interest. As to the trial court's determination that former wife should be solely responsible for a loan in her name, she contends that the court's order was an abuse of discretion.

We affirm as to the trial court's time-sharing order, concluding that former wife was on notice of the week on/week off request and failed to object. Further, the court did not abuse its discretion in adopting the former husband's time-sharing schedule. We reverse the equitable distribution allocation of the marital loan exclusively to the former wife, as the court made no findings of legally sufficient facts to justify an unequal distribution of the loan.

## Time-Sharing

Although the former wife claims that she was not provided notice of the former husband's request for week on/week off time-sharing, which the trial court adopted, the record does not support her claim. While the former husband's counterclaim did not propose a specific time-sharing schedule in his pleading, he filed his proposed week on/week off time-sharing a month prior to the hearing. His proposed schedule was admitted into evidence without objection by the former wife. The former wife cross-examined the former husband as to why he thought the plan was in the best interests of the child, and he offered that it would allow each parent to bond better with the child and would cause less stress when the child entered school. In closing argument, the former wife argued that the former husband should not be entitled to 50/50 time-sharing. She never mentioned the former husband's proposed plan.

Thus, this case is not one where the proposal for the week on/week off schedule was requested for the first time at trial. *Cf. Flemming v. Flemming*, 742 So. 2d 843, 844 (Fla. 1st DCA 1999) (reversing where the trial court granted rotating custody which was contrary to the parties' agreement concerning primary residence, had not been raised in the pleadings and noticed, and the issue had not been tried by consent because the former wife raised a proper objection); *Stuart v. Lapete*, 370 So. 3d 384, 386 (Fla. 1st DCA 2023) ("[The] Mother was not given notice in the pleadings that a two-week rotating schedule would be considered or an opportunity to put on witnesses concerning the effect of such a schedule. And the issue of a two-week rotating schedule was not tried by implied consent because mother raised a proper objection."). Nor is this a case where the trial court sua sponte determined the parenting plan. *See Bainbridge v. Pratt*, 68 So. 3d 310, 314–15 (Fla. 1st DCA 2011) (finding the trial court erred by ordering an annual, rotating time-sharing plan where neither parent requested such a plan in the pleadings, nor argued for the plan at the final hearing).

Unlike those cases cited above, while the week on/week off schedule was not pled in the former husband's counter-petition, the issue was raised pretrial in his proposed parenting plan and the issue was clearly tried by consent. *Anchor Prop. & Cas. Ins. Co. v. Trif*, 322 So. 3d 663, 670 (Fla. 4th DCA 2021) (quoting *LRX, Inc. v. Horizon Assocs. Joint Venture ex rel. Horizon–ANF, Inc.*, 842 So. 2d 881, 887 (Fla. 4th DCA 2003)) ("An issue is tried by consent when there is no objection to the introduction of evidence on that issue."); *Citigroup Mortg. Loan Tr. Inc. v. Scialabba*, 238 So. 3d 317, 324 (Fla. 4th DCA 2018) (quoting *N. Am. Philips Corp. v. Boles*, 405 So. 2d 202, 203 (Fla. 4th DCA 1981)) (finding an issue tried by consent

where "it cannot be said that the evidence and argument . . . 'was a blind issue which veered into the midst of the trial without warning and without an opportunity to negate' because the Borrowers never objected to the evidence or argument . . . on grounds that the issue was not framed in the pleadings"). Accordingly, the trial court did not violate the former wife's procedural due process.

The former wife claims additionally that competent substantial evidence does not support the trial court's determination of the timesharing plan of a week on/week off schedule. The trial court's timesharing and parenting plan is reviewed for abuse of discretion. *Krift v. Obenour*, 152 So. 3d 645, 647 (Fla. 4th DCA 2014). The court made detailed findings of fact supported by the evidence produced at trial and finding that the former wife lacked credibility in some of her testimony. Moreover, the former wife presented no evidence contesting the week on/week off schedule proposed by the former husband. We find the trial court had competent substantial evidence to support its findings.

### Equitable Distribution

The former wife had obtained a $20,000 loan four months before filing for divorce. She had applied for the loan in her name alone because her former husband's credit was not good. She testified that she had obtained the loan to consolidate credit card debt and a loan from a friend. The credit card debt had accrued during the marriage, specifically during her pregnancy, because she was required to be on bedrest and could not work. She had needed money to pay for living expenses, such as "the needs of the baby," groceries, moving companies, and storage. She also testified that she did not have insurance during that time and had used her credit card to pay for her medical bills.

The former husband testified that he did not know anything about the loan, even though the former wife testified that he did. He was unaware of any loan from a friend to the former wife. However, he admitted that he did not know how the expenses of the pregnancy were paid. He did not pay them.

In the final judgment, the trial court determined that the loan should be distributed to the former wife alone. The court offered the following findings of fact with respect to the loan: (1) the former wife testified that she had acquired the loan to consolidate debt from her pregnancy and to pay back a friend's $3,000 loan; (2) the former wife offered no evidence of these expenses; and (3) the former husband testified the former wife did not inform him of the loan. The court concluded:

3

> After considering the factors set out in section 61.075(1), Florida Statutes, this Court finds that such loan should be unequally distributed to the Wife in total as equity compels. § 61.075(1)(j), Fla. Stat. This is a short-term marriage as the parties were married for less than four years. § 61.075(1)(c), Fla. Stat. The Wife solely incurred such liability, in her own name, without informing the Husband. § 61.075(1)(g), Fla. Stat. The Wife obtained the loan within four months of filing for divorce. § 61.075(1)(i), Fla. Stat.

Decisions of the trial court concerning the equitable distribution of marital assets are reviewed under an abuse of discretion standard. *Pomeranz v. Pomeranz*, 901 So. 2d 895, 896 (Fla. 4th DCA 2005) (citing *Canakaris v. Canakaris*, 382 So. 2d 1197 (Fla. 1980)).

Both the former husband and the former wife concede that the loan is a marital liability. "All assets acquired and liabilities incurred by either spouse subsequent to the date of the marriage and not specifically established as nonmarital assets or liabilities are presumed to be marital assets and liabilities." § 61.075(8), Fla. Stat. (2023). As the loan was incurred subsequent to the date of marriage, it is presumed to be a marital liability.

The initial premise behind an equitable distribution of marital assets and liabilities is equal distribution. *See* § 61.075(1), Fla. Stat. (2023). "However, where a justification is shown, a trial court may make an unequal distribution." *Feger v. Feger*, 850 So. 2d 611, 615 (Fla. 2d DCA 2003). But, "[a] court must provide a legally sufficient factual basis for its unequal distribution of marital assets." *Id.* "The final distribution of marital assets, whether equal or unequal, must be supported by factual findings based on substantial competent evidence." *Sager v. Sager*, 291 So. 3d 965, 968 (Fla. 4th DCA 2020) (quoting *Franklin v. Franklin*, 988 So. 2d 125, 126 (Fla. 2d DCA 2008)).

In this case, the trial court's citation to specific statutory grounds are not supported by specific findings of fact, and the facts that are alleged are insufficient to justify the allocation of the entire loan to the former wife. Section 61.075(1)(c), Florida Statutes (2023), allows the court to take into consideration the duration of the marriage in considering equitable distribution. In this case, the marriage's duration was not quite four years, making it a short-term marriage, but the court did not explain why that factor should require the former wife to shoulder the full amount of the loan. That the former wife incurred the loan solely in her own name

without the knowledge of the former husband is also insufficient to warrant an unequal allocation of this marital liability. *See Wagner v. Wagner*, 136 So. 3d 718, 720 (Fla. 2d DCA 2014); *Deas v. Deas,* 592 So. 2d 1221, 1222 (Fla. 1st DCA 1992).

Most significantly, the court cited to section 61.075(1)(i), and the fact that the former wife had obtained the loan only four months prior to filing for divorce. That section provides as a factor to consider in equitable distribution, "[t]he intentional dissipation, waste, depletion, or destruction of marital assets after the filing of the petition or within 2 years prior to the filing of the petition." § 61.075(1)(i), Fla. Stat. (2023). The former husband did not present any evidence of the former wife's intentional dissipation from the loan. It is questionable that this factor even applies to liabilities such as this. In any event, the former wife testified that she had used the loaned money to pay off accumulated debt from the pregnancy and to pay back a friend who had loaned money to both of them. While the former husband disputed the $3000 loan from the friend, he did not dispute the former wife's payment of pregnancy and living expenses while she was on bedrest. Because this was a marital liability, the burden of proof rests on the party seeking an unequal allocation of liabilities and assets to prove the justification for that allocation. *See Gladstone v. Gladstone*, 733 So. 2d 1090, 1092 (Fla. 4th DCA 1999). The former husband failed to meet that burden.

*Smith v. Smith*, 934 So. 2d 636 (Fla. 2d DCA 2006), is instructive in its analysis of the dissipation of assets with respect to debt. In *Smith*, the trial court made an unequal allocation of debt to the wife for debt which she had incurred on her credit cards. *Id.* at 641. The Second District found that the trial court had abused its discretion, explaining:

> The Wife testified, without contradiction, that the majority of the AT & T MasterCard debt was a consolidation of existing marital liability. The Wife acknowledged that she used the card to go on vacation with her mother without the Husband . . . . The Husband testified that he did not know what the Wife used this card for. Although we agree that the trial court would have been acting within its discretion to allocate the vacation component of the AT & T MasterCard debt to the Wife, there is no competent, substantial evidence that the entire balance on the card was attributable to the Wife's alleged misuse of credit. The court's allocation of the entire balance to the Wife was therefore an abuse of discretion.

*Id.* at 642.

Similar to *Smith*, the former wife here took out a loan of which the former husband claimed he was unaware. The former wife used the proceeds to consolidate debt from her pregnancy. The former husband did not offer evidence that the former wife spent money on vacations or lavish gifts or anything outside of the marriage. *See Smith*, 934 So. 2d at 642 (finding the trial court abused its discretion where "there was no evidence that the CitiFinancial card and the ChartWay Visa were used for the Wife's husband-free vacation or for any improper purpose"); *cf. Rabbath v. Farid*, 4 So. 3d 778, 781 (Fla. 1st DCA 2009) (finding no abuse of discretion in trial court's findings that the appellant dissipated the assets where competent, substantial evidence indicated that appellant made unnecessary trips, and lavished gifts upon his mistress using marital assets). The former wife testified she used that portion of the loan to repay the friend for a loan during the pregnancy, and the former husband did not present any evidence that the loan from the friend was used for any purpose outside living expenses of the former wife and child. Without such evidence, the loan was a marital liability, and none of the trial court's reasoning supports allocating it exclusively to the former wife.

**Conclusion**

The former wife had sufficient notice of the former husband's requested time-sharing plan and failed to object at any time prior to final judgment. No due process violation occurred and the issue was tried by consent. Further, the trial court's time-sharing determination was supported by competent, substantial evidence and detailed findings of fact.

With respect to equitable distribution, however, the trial court erred in allocating the entire amount of former wife's loan to the former wife. The loan was a marital liability, and the court made no findings justified by the evidence to depart from the equitable division of the loan between the former husband and former wife. On remand, the court should divide the loan equally between the parties.

*Affirmed in part, reversed in part and remanded for further proceedings.*

GROSS and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6