864 So.2d 449 (2003)
E & A PRODUCE CORPORATION, Appellant,
v.
SUPERIOR GARLIC INT'L, INC., et al., Appellees.
No. 3D02-1185.
District Court of Appeal of Florida, Third District.
December 10, 2003.
Rehearing Denied January 30, 2004.
James H. Greason, Miami, for appellant.
*450 Schatzman & Schatzman, and Jeffrey N. Schatzman, for appellee.
Before LEVY, GODERICH, and RAMIREZ, JJ.
RAMIREZ, J.
E & A Produce Corporation ("E & A") appeals the award of attorney's fees to appellees Superior Garlic Int'l, Inc., Silfredo Trujillo, and Nilda Olmo (collectively, Superior Garlic). We conclude that Superior Garlic is entitled to attorney's fees. Thus, we affirm the attorney's fee award, as well as the amount of the award.
Superior Garlic, a small corporation owned and operated by Trujillo (Superior Garlic's president) and his sister, Olmo (Superior Garlic's vice-president), peels, packages and sells peeled garlic. E & A sells vegetables and other produce, including raw garlic, but does not peel garlic nor does it sell peeled garlic. The parties discussed incorporating a new mechanized garlic-peeling business, after which Superior Garlic moved their garlic processing enterprise to a warehouse owned by E & A and began paying E & A monthly rent.
E & A then purchased a garlic processing machine which was installed on those same premises. Superior Garlic purchased the control panel for the machine, as well as the wire and electrical work necessary to connect the control panel to the garlic peeling machine.
The parties could not agree on the terms of their proposed joint venture so negotiations terminated. E & A attempted to terminate Superior Garlic's rental agreement. Superior Garlic paid the rent until August 15, 2000, after which they involuntarily surrendered the premises.
While removing all of Superior Garlic's property from the premises, Trujillo attempted to remove the control panel of the processing machine. One of E & A's employees tried to intervene and a fight followed. Olmo and the police then arrived. Olmo showed the police their invoice and canceled checks for the control panel's purchase, and the police ordered E & A's employee to allow Trujillo to remove the panel. Superior Garlic denied causing any damage to E & A's garlic peeling machine.
E & A filed a five-count complaint against Superior Garlic, which included a count for civil theft of the control panel. Superior Garlic moved to dismiss all counts for failure to state a cause of action. With respect to the civil theft of a trade secret count, Superior Garlic requested an award of attorney's fees pursuant to section 772.11, Florida Statutes (2000). The trial court granted the motion to dismiss.
E & A then filed an amended complaint alleging the same causes of action with more specificity. Superior Garlic again moved to dismiss all counts for failure to state a cause of action and specially set their motion for hearing on July 23, 2001.
Three days before this hearing, on July 20, 2001, E & A served a second amended complaint, dropping the count for civil theft of the control panel as a trade secret. On August 14, 2001, Superior Garlic responded with its answer and counterclaims.
On October 4, 2001, Superior Garlic filed its motion for entitlement to attorney's fees as the prevailing party on the civil theft of trade secret count, under section 772.11, Florida Statutes (2000), as well as under section 57.105, Florida Statutes (2000). E & A did not oppose or respond to the motion. On December 20, 2001, the trial court conducted a hearing on Superior Garlic's entitlement to attorney's fees. There is no transcript of this hearing. The trial court entered a written order on December 21, 2001, granting Superior Garlic's *451 motion for entitlement to attorneys' fees.
Thereafter, Superior Garlic filed a motion for an award of reasonable attorney fees. At the evidentiary hearing, Superior Garlic presented live testimony and testimony by affidavit. E & A offered no testimony. The trial court entered an order of judgment for $7,623.75 in attorney's fees and $1,500 in expert witness fees.
E & A contends on appeal that the trial court erred as a matter of law in entering the final judgment for attorney's fees and costs because Superior Garlic failed to timely request attorney's fees and costs and thus waived entitlement to such. We disagree.
An order granting or denying attorney's fees and costs is reviewed on the abuse of discretion standard. See Thomas v. Perkins, 723 So.2d 293 (Fla. 3d DCA 1998). Under the facts of this case, we cannot say that the trial court abused its discretion in awarding attorney's fees and costs to Superior Garlic.
Florida Rule of Civil Procedure 1.525, "Motions for Costs and Attorneys' Fees," states the following:
Any party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.
Rule 1.525 became effective January 1, 2001, before the complaint in the case below was filed on April 27, 2001 (the amended complaint was filed on July 3, 2001). See In re Amendments to Fla. Rules of Civil Procedure, 773 So.2d 1098 (Fla.2000). This rule was "designed to establish a bright line to resolve any uncertainty concerning the timing of post-trial motions and to bring them to a timely conclusion." See Wentworth v. Johnson, 845 So.2d 296, 298 (Fla. 5th DCA 2003). Prior to the adoption of Rule 1.525, Florida case law permitted motions for attorney's fees to be filed within a reasonable time of the plaintiff's abandonment of the claim or within a reasonable time after final judgment is entered. See Stockman v. Downs, 573 So.2d 835, 838 (Fla.1991); Folta v. Bolton, 493 So.2d 440, 444 (Fla.1986); Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241 (Fla.1986).
Rule 1.525 specifically states that the motion for attorney's fees shall be served within thirty days after the filing of the judgment or the service of a notice of voluntary dismissal. However, under the facts before us, there was no judgment of dismissal entered below, nor did E & A serve a notice of voluntary dismissal. E & A simply dropped one of the counts. As such, we find that rule 1.525 is inapplicable under this set of circumstances. We believe that in this case, the standard to be applied is that Superior Garlic was required to file its motion for attorney's fees within a reasonable time of E & A's abandonment of its civil theft of a trade secret claim.
The record reflects that E & A dropped its civil theft of a trade secret claim on July 20, 2001, the day it served its Second Amended Complaint. Approximately six weeks later, on October 5, 2001, Superior Garlic filed its motion for entitlement to attorney's fees. Less than two months is a reasonable amount of time within which to file a motion for attorney's fees. See Folta, 493 So.2d at 444.
E & A further claims that none of the orders on appeal state the requisite findings for an award of attorney's fees, and because no statute was cited in the orders or judgment, it is unclear whether the trial court awarded attorney's fees *452 pursuant to sections 772.11 or 57.105.[1] We are unable, however, to determine under what grounds the attorneys' fees here were awarded and whether or not the trial court made the requisite findings because there is no transcript of the hearing on the entitlement to attorney's fees. Without a transcript, the record is inadequate for us to review E & A's contention, and we cannot find that the trial court abused its discretion in making the award. The trial court's orders and judgment must therefore stand. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Thomas, 723 So.2d at 293.
We thus conclude that Superior Garlic was entitled to an award of attorney's fees. Accordingly, we affirm 1) the trial court's "Order Granting Defendants' Motion for Entitlement of Attorney's Fees Against Plaintiff," 2) the "Judgment for Attorney's Fees and Costs," and 3) the "Order on Plaintiff's Motion for Stay of Order Awarding Attorney Fees and Costs; Motion for New Trial or Rehearing of Order and Judgment Awarding Attorney's Fees and Costs; and Plaintiff's and Counterdefendant's Motion to Dismiss Defendant, Superior Garlic International, Inc.'s Counterclaim." We decline to discuss E & A's remaining issues on appeal because we find them to be meritless.
Affirmed.
NOTES
[1] This issue becomes relevant only if Superior Garlic seeks to collect its fees against E & A's counsel, an issue which should be resolved in the first instance by the circuit judge. We thus express no view on this matter.