# Third District Court of Appeal

## State of Florida

Opinion filed September 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1772
Lower Tribunal No. 15-11270

_____

**Jose Antonio Ortiz,**
Appellant,

vs.

**Samantha Ortiz,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Sarah I. Zabel, Judge.

The Bravo Law Firm, PLLC and Jason Bravo; Garcia-Menocal Irias & Pastori LLP and Jorge Garcia-Menocal, for appellant.

Gallardo Law Office, P.A. and Natalia Timmons and Leisy Jimenez, for appellee.

Before ROTHENBERG, C.J., and SUAREZ and LUCK, JJ.

SUAREZ, J.

Jose Ortiz, former husband, appeals from an order denying his motion for reconsideration of the trial court's award of the former wife's statutory pre-

judgment attorney's fees. We affirm in part and reverse in part and remand for further proceedings.

The former husband asserts on appeal that the Final Judgment of Dissolution of Marriage erroneously awarded the former wife prejudgment attorney's fees. Prior to the final dissolution hearing, the parties entered into a Mediated Settlement Agreement (Partial Agreement) solely resolving issues concerning the minor child. The Agreement specifically stated, "Parties hereby agree to reserve on any issues not specifically addressed herein." It also stated "Each party shall be responsible for his/her own attorney's fees and/or costs associated with the present litigation." The former husband argued for the first time during his motion for reconsideration below that pursuant to that language the former wife had waived any claim to any attorney fees for the entire litigation.[1] The trial court correctly rejected this argument. Parties to a marriage cannot contract away or waive temporary support and attorney's fees before a final judgment is entered. Belcher v. Belcher, 271 So. 2d 7 (Fla. 1972); see also Lashkajani v. Lashkajani, 911 So. 2d 1154 (Fla. 2005); Schecter v. Schecter, 109 So. 3d 833 (Fla. 3d DCA 2013). We therefore affirm the trial court's order that the former wife did not waive her claim for statutory pre-dissolution attorney's fees

---

[1] We note that former husband's counsel conceded in his motion for reconsideration of the attorney's fee issue that he failed to raise the issue or object to the wife's proposed attorney's fees during the final dissolution hearing.

2

The next question is whether the former wife is entitled to such fees and, if so, the amount. The standard for the trial court's award of attorney's fees in a dissolution action first depends upon the financial need of the requesting party and the financial ability to pay of the other party. Derrevere v. Derrevere, 899 So. 2d 1152, 1153 (Fla. 4th DCA 2006); § 61.16, Fla. Stat. (2016). After making that determination, the trial court then must determine whether the fees requested are reasonable. In determining the reasonableness of attorney's fee, courts should consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the issues, and the legal skill required; (2) the likelihood that the representation will preclude other employment by the lawyer; (3) the customary fee; (4) the result obtained; (5) the time limitations imposed by the client or circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyers; and (8) whether the fee is fixed or contingent.

Campbell v. Campbell, 46 So. 3d 1221, 1222–23 (Fla. 4th DCA 2010); Schwartz v. Schwartz, 965 So. 2d 832, 833-34 (Fla. 1st DCA 2007). "Where there is nothing in the trial court's order that allows the appellate court to discern whether any of the above factors were considered in determining a reasonable attorney's fee, a fee award simply taking the amount charged by the attorney and determining it to be reasonable is improper and an abuse of discretion." Campbell, 46 So. 3d at 1223. "[T]he trial court must make specific factual findings—either at the hearing or in the written judgment—supporting its determination of entitlement to an award of

attorney's fees." <u>Perez v. Perez</u>, 100 So. 3d 769, 771 (Fla. 2d DCA 2012).  And "if the trial court determines that there is an entitlement to fees, the court must 'set forth findings regarding the factors that *justify the specific amount awarded*.'"  <u>Id.</u>; <u>Rowe v. Rodriguez-Schmidt</u>, 128 So. 3d 158, 159 (Fla. 2d DCA 2013).

The absence of factual findings in this record as to the parties' need and ability to pay, and reasonableness of fees makes it impossible for us to review the propriety of the trial court's award of fees.  Therefore, we remand solely for the trial court to apply the necessary analysis and make the required written findings of the parties' needs, ability to pay, reasonableness of fees, and factors justifying the attorney's fees requested.

Affirmed in part, reversed and remanded in part.

ROTHENBERG, C.J., concurs.

4

LUCK, J., concurring in part and dissenting in part:

The majority opinion (1) affirms the final judgment of dissolution because the "[p]arties to a marriage cannot contract away or waive temporary support and attorney's fees before a final judgment is entered," and (2) reverses and remands because "[t]he absence of factual findings in this record as to the parties' need and ability to pay, and the reasonableness of fees makes it impossible for us to review the propriety of the trial court's award of fees." I concur in the first conclusion, but respectfully dissent from the second one because it is contrary to our precedent and inconsistent with how we review alleged errors where the appellant does not provide us with a sufficient record.

"In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error." Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979).

> Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal. The trial court should have been affirmed because the record brought forward by the appellant is inadequate to demonstrate reversible error.

Id.

Here, the majority opinion correctly explains that the "trial court must make specific factual findings – either at the hearing or in the written judgment –

5

supporting its determination of entitlement to an award of attorney's fees." Maj. Op. at 3-4 (emphasis added) (quoting Perez v. Perez, 100 So. 3d 769, 771 (Fla. 2d DCA 2012)). The appellant, the former husband, however, did not include a transcript of the final judgment hearing where the attorney's fees were awarded as part of the record in this case. Without a transcript, as in Applegate, we cannot resolve whether the trial court made the factual findings it was required to make at the hearing. From the lack of transcript, the majority opinion presumes the trial court did not make the factual findings and remands for it do so. Because we must presume the correctness of the trial court's order, and it is the appellant's burden to demonstrate reversible error, I would do as Applegate commands and affirm.

Our precedent, too, seems to dictate that we affirm. In E&A Produce Corp. v. Superior Garlic International, Inc., 864 So. 2d 449 (Fla. 3d DCA 2003), as here, the appellant "claim[ed] that none of the orders on appeal state the requisite findings for an award of attorney's fees, and because no statute was cited in the orders or judgment, it is unclear whether the trial court awarded attorney's fees pursuant to sections 772.11 or 57.105." Id. at 451-52. "We are unable," we explained, "to determine under what grounds the attorneys' fees here were awarded and whether or not the trial court made the requisite findings because there is no transcript of the hearing on the entitlement to attorneys' fees." Id. at 452. "Without a transcript," we continued, "the record is inadequate for us to

6

review [the appellant's] contention, and we cannot find that the trial court abused its discretion in making the award." Id. Citing Applegate, we concluded the "[t]rial court's orders and judgment must therefore stand." Id.[2]

---

[2] But see Guardianship of Halpert v. Rosenbloom, 698 So. 2d 938, 940 (Fla. 4th DCA 1997) ("In the instant case, the lack of a transcript does not hinder this court's ability to review the trial court's order, because on its face it fails to satisfy Rowe by not making any specific findings as to hourly rate or number of hours reasonably expended. The order merely provides that, 'The Court awards a lump sum for reasonable attorney's fees and costs in the total amount of $3,200.00.'"); Fowler v. First Fed. Sav. & Loan Ass'n of Defuniak Springs, 643 So. 2d 30, 33 (Fla. 1st DCA 1994) ("While the award of attorney fees may very well have been based on competent, substantial evidence, the lack of a transcript and the absence of any specific findings in the final judgment supporting the award, compels reversal. Therefore, on remand, the trial judge should make the required findings, or in the alternative, hold an evidentiary hearing. (citation omitted)); Macarty v. Macarty, 29 So. 3d 434, 435 (Fla. 2d DCA 2010) ("[A]n award of attorney's fees without adequate findings justifying the amount of the award is reversible even where the appellant has provided an inadequate record of the trial court proceedings. Accordingly, we remand for the trial court to make the necessary written findings required by [Rowe]." (quotation omitted; alteration in original)). In Macarty, for the third time, the Second District certified this question of great public importance:

> IS AN ORDER AWARDING ATTORNEY'S FEES PURSUANT TO FLORIDA PATIENT'S COMPENSATION FUND V. ROWE, 472 So.2d 1145 (Fla.1985), THAT LACKS THE REQUIRED FINDINGS REGARDING THE NUMBER OF HOURS REASONABLY EXPENDED AND THE REASONABLENESS OF THE HOURLY RATE CHARGED FUNDAMENTALLY ERRONEOUS ON ITS FACE, THUS REQUIRING REVERSAL, EVEN WHEN THE APPELLATE RECORD DOES NOT INCLUDE A TRANSCRIPT OR APPROVED STATEMENT OF THE PROCEEDINGS BELOW?

Id.

To me, there is no meaningful distinction between this case and E&A Produce. As long as the trial court is permitted to make its attorney's fees findings on the record at the hearing, and the appellant does not provide us with a transcript of the hearing, we should not presume the trial court failed to do its job. Because the former husband has not shown the trial court committed reversible error, I would affirm the final judgment of dissolution is all respects.