LUCK, J., concurring in part and dissenting in part: The majority opinion (1) affirms the final judgment of dissolution because the “[p]ar-tiés to a marriage cannot contract away or waive temporary support and attorney’s fees before a final judgment is entered,” and (2) reverses and remands because “[t]he absence of factual findings in this record as to the parties’ need and ability to pay, and the reasonableness of fees makes it impossible for us to review the propriety of the trial court’s award of fees.” I concur in the first conclusion, but respectfully dissent from the second one because it is contrary to our precedent and inconsistent with how we review alleged errors where the appellant does not provide us with a sufficient record. “In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.” Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979). Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived .the law as to require reversal. The trial court should have been af.firmed because the record brought forward by the appellant is inadequate to demonstrate reversible error. Id. Here, the majority opinion correctly explains that the “trial court must make specific factual findings—either at the hearing or in the written judgment—supporting its determination of entitlement to an award of attorney’s fees.” Maj. Op. at 733 (emphasis added) (quoting Perez v. Perez, 100 So.3d 769, 771 (Fla. 2d DCA 2012)). The appellant,, the former husband, however, did not include a transcript of the final judgment hearing where the attorney’s fees were awarded as part of the record in this case. Without a transcript, as in Applegate, we cannot resolve whether the trial court made the factual findings it was required .to make at the. hearing. From the lack of transcript, the majority opinion presumes the trial court did not make the factual findings and remands'for it do so. Because we must presume the correctness of the trial court’s order, and it is the appellant’s burden to demonstrate reversible error, I would do as Applegate commands and affirm. Our precedent, too, seems to dictate that we affirm. In E & A Produce Corp. v. Superior Garlic International, Inc., 864 So.2d 449 (Fla. 3d DCA 2003), as here, the appellant “claim[ed] that none of the orders on appeal state the requisite findings for an award of .attorney’s fees, and because no statute was cited: in the orders or judgment,- it is unclear whether 'the trial court awarded attorney’s fees pursuant to sections 772.11 or 57.105.” Id., at 451-52. “We are unable,” we explained, “to.determine under what grounds-the attorneys’ fees here were awarded and whether or not the trial court made the requisite findings because there is no transcript of the hearing on the entitlement to attorneys’ fees.” Id. at 452. “Without a transcript,” we continued, “the record is inadequate for us to review [the appellant’s] contention, and we cannot find that the trial court abused its discretion in making the award.” Id. Citing Applegate, we concluded the “[t]rial court’s orders and judgment must therefore stand.” Id.[2] To me, .there is no meaningful distinction between this case and E & A Produce. As long as the trial court is permitted to make its attorney’s fees findings on the record at the hearing, and the appellant does not provide us with a transcript of the hearing, we should not presume the trial court failed to do its job. Because the former husband has not shown the trial court committed reversible error, I would affirm the final judgment of dissolution is all respects. . But see Guardianship of Halpert v. Rosenbloom, 698 So.2d 938, 940 (Fla. 4th DCA 1997) (“In the instant case, the lack of a transcript does not hinder this court's ability to review the trial court's order, because on its face it fails to satisfy Rowe by not making any specific findings as to hourly rate or number of hours reasonably expended. The order merely provides that, ‘The Court awards a lump sum for reasonable attorney’s fees and costs in the total amount of $3,200.00.’ ”); Fowler v. First Fed. Sav. & Loan Ass'n of Defuniak Springs, 643 So.2d 30, 33 (Fla. 1st DCA 1994) ("While the award of attorney fees may very well have been based on competent, substantial evidence, the lack of a transcript and the absence of any specific findings in the final judgment supporting the award, compels reversal. Therefore, on remand, the trial judge should make the required findings, or in the alternative, hold an evidentiary hearing, (citation omitted)); Macarty v. Macarty, 29 So.3d 434, 435 (Fla. 2d DCA 2010) ("[A]n award of attorney’s fees without adequate findings justifying- the amount of thé award is reversible even where the appellant has provided an inadequate record of the trial court proceedings. Accordingly, we remand for the trial court to make the necessary written findings required by [Rowe].” (quotation omitted; alteration in original)). In Macarty, for the third time, the Second District certified this question of great public importance: IS AN ORDER AWARDING ATTORNEY’S FEES PURSUANT TO FLORIDA PATIENT'S COMPENSATION FUND V. ROWE, 472 So,2d 1145 (Fla. 1985), THAT LACKS THE REQUIRED FINDINGS REGARDING THE NUMBER OF HOURS REASONABLY EXPENDED AND THE REASONABLENESS OF THE HOURLY RATE CHARGED FUNDAMENTALLY ER.RONEOUS ON ITS FACE, THUS REQUIRING REVERSAL, EVEN WHEN THE'APPELLATE RECORD DOES NOT INCLUDE A TRANSCRIPT OR APPROVED STATEMENT OF THE PROCEEDINGS BELOW? Id.