425 So.2d 25 (1982)
Howard E. BRANDENBURG, Appellant,
v.
Bettye J. BRANDENBURG, Appellee.
No. 81-1982.
District Court of Appeal of Florida, Fourth District.
November 17, 1982.
Rehearing Denied January 24, 1983.
*26 Craig R. Wilson of Ruffolo & Wilson, West Palm Beach, for appellant.
Jack Ackerman, P.A., and Edna L. Caruso, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a final judgment of dissolution. On appeal the husband is challenging several provisions of the final judgment.
Initially, we find no error in the amount of alimony and attorney's fees awarded by the trial court to the wife. There is sufficient evidence in the record, including evidence of the disparate earning capacities of the parties and the wife's need for financial assistance, to support these awards. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
We do find error, however, as to several other aspects of the final judgment. During trial, and indeed on appeal, the wife conceded the husband's entitlement to certain items of personal property. Despite this, the wife was awarded those items. This was error. Upon remand we direct the trial court to award the husband those items designated as items 2, 3, 4, 5, 9, 10, 11 and 15-24 in paragraph seven of the husband's counterpetition. We also find that it was error for the trial court to direct the husband to make the wife the irrevocable beneficiary of a policy of insurance the existence of which is not reflected in the record. The husband agreed at trial to make the wife the irrevocable beneficiary of another policy that is referred to in the record. Upon remand we direct that the trial court substitute this policy for the one now referred to in the judgment. Lastly, we direct the trial court to limit the husband's liability for the wife's medical expenses to those expenses that are reasonable and necessary. The husband conceded at trial that he had the ability, and indeed, was willing, to secure insurance to provide for the wife's future medical expenses. That being the case, we believe the trial court acted properly in making the husband responsible for the wife's expenses, provided they are reasonable and necessary. Should the husband be unable to meet these expenses in the future because of an unanticipated increase in those expenses or a decrease in the husband's ability to meet these expenses, it will be incumbent upon the husband to seek a modification of this provision.
Accordingly, we affirm in part, reverse in part, and remand this cause to the trial *27 court for further proceedings consistent herewith.
DOWNEY, ANSTEAD and GLICKSTEIN, JJ., concur.
BY ORDER OF THE COURT:
ORDERED that the Petition for Rehearing and/or Clarification, filed November 30, 1982, by Appellant is denied. See Thompson v. Thompson, 325 So.2d 480 (Fla. 4th DCA 1975).