HERSEY, Chief Judge.
From a final judgment dissolving his marriage the husband takes this appeal.
The parties were married on December 1, 1974. Approximately ten months before, Jack Kuharsky had purchased what was to become the “marital home.” Dorothy Ku-harsky did not sign the contract for purchase, nor did she sign the mortgage and note. She did, however, contribute $1,800 to the total amount of cash needed at closing when Jack Kuharsky realized he was short by that amount. Jack Kuharsky took title in his name alone and record title was never changed.
During the period between purchase of the home and their marriage, Dorothy Ku-harsky spent weekends at the home and helped decorate the house and landscape the yard. She bought bedroom furniture and drapes. Together they bought family room and dining room furniture, each paying approximately half the cost.
Jack Kuharsky is an electrician and has worked sporadically during the marriage. The majority of his unemployment seems to have occurred during 1975, 1976 and 1977. Dorothy Kuharsky was employed at all times during the marriage. From her salary, she paid for all grocery, utility, and insurance bills. Jack Kuharsky paid the mortgage payment.
The final judgment contains the following provisions which are pertinent to our inquiry:
(3) The Wife is hereby awarded the sole and exclusive use, occupancy, possession and ownership of the marital residence, located at 2610 S.W. 83rd Avenue, Davie, Broward County, Florida, along with all furnishings and contents therein.
(4) The Husband is hereby ordered to transfer title to said marital residence and to transfer other personal property, possession of home, and furnishings forthwith to the Wife.
[[Image here]]
(6) The Husband is hereby ordered to pay one-half (½) of all medical therapist bills incurred, past and future, by the Wife.
(7) The Wife’s request for alimony is hereby denied.
For the sake of consistency and clarity, we will employ the designations of the parties used by the court below.
The husband alleges that the trial court erred in allocating to the wife sole ownership of the marital home and its contents and in requiring him to pay one-half of past and future bills incurred by the wife for medical therapy.
The wife concedes that the evidence does not support a sufficient special equity to give her exclusive title to the marital home and its contents. If not by reason of a special equity what rationale remains for this award? If classified as lump sum alimony, this conflicts with paragraph (7) denying alimony. As for equitable distribution, even though marital misconduct of the husband is alleged, it is without sufficiently egregious economic consequences to justify awarding to the wife assets having an approximate value of $120,000 from total family assets (without deciding whether the home is a “marital” asset) of $150,000. See, e.g., Noah v. Noah, 491 So.2d 1124 (Fla.1986). This imbalance of distribution precludes us, even if we were otherwise so inclined, from approving the result achieved by the final judgment on a “right for the wrong reason” rationale.
We cannot say, from an examination of the record and the judgment, whether reasonable men could debate the result. We therefore reverse and remand, not only to require that labels be affixed or changed, but to permit the parties (and this court, in the event of another appeal) to evaluate the scheme of distribution in the context of those tools which are available to the trial court to achieve equity between these parties.
Because we reverse, we do not treat the question of medical therapy payments except to note that any such award must *1073 ultimately meet the test of Brandenburg v. Brandenburg, 425 So.2d 25 (Fla. 4th DCA 1982), as the final judgment must meet the test of Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
REVERSED AND REMANDED.
WALDEN, J., and WEBSTER, PETER D., Associate Judge, concur.