582 So.2d 78 (1991)
Jack L. KUHARSKY, Appellant,
v.
Dorothy L. KUHARSKY, Appellee.
No. 90-0516.
District Court of Appeal of Florida, Fourth District.
June 19, 1991.
*79 Gerald S. Deutsch, Altman, Deutsch & Shnider, P.A., Sunrise, and Robert Garven, Coral Springs, for appellant.
Ronald E. Jones, Ronald E. Jones, P.A., West Palm Beach, for appellee.

REVISED OPINION
HERSEY, Chief Judge.
In this appeal from an Amended Final Judgment of dissolution of marriage the former husband, appellant, raises three issues.
The trial court made a specific finding that the marital residence, acquired by the husband before the marriage, became a marital asset. As part of the scheme of equitable distribution the court ordered the residence sold and awarded to the wife a one-half interest in the proceeds. The record suggests that this award is in fact an award of lump-sum alimony.
In considering an award of lump-sum alimony, the standard of review is abuse of discretion. Poitier v. Poitier, 458 So.2d 428 (Fla. 3d DCA 1984). "If a reasonable person could have concluded as did the trial court, there has been no abuse of discretion." Thompson v. Thompson, 546 So.2d 99 (Fla. 4th DCA 1989). In view of the wife's extraordinary contributions to the financial aspect of the marriage, we find the award of lump-sum alimony appropriate. This determination and our analysis of the issue does not depend upon the correctness of the trial court's characterization of the residence as a marital asset. In fact, its character is irrelevant to our inquiry on this issue. This is so because where there is justification for an award of lump-sum alimony, as here, and where the husband has the ability to meet the award without substantially endangering his own economic status, as here, distribution of non-marital assets may be used to effect lump-sum alimony. Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), Yandell v. Yandell, 39 So.2d 554 (Fla. 1949). We affirm the award of one-half of the proceeds of the sale of the marital residence as lump-sum alimony.
The amended final judgment also required the husband to pay "one half of all medical therapist bills incurred, past and future, by the wife." As to such bills incurred subsequent to the entry of the final judgment, the wife has waived her right to reimbursement. With reference to such bills incurred prior to entry of judgment, we reverse and remand to permit the trial court to make a determination as to whether those expenditures were reasonable and necessary. Brandenburg v. Brandenburg, 425 So.2d 25 (Fla. 4th DCA 1982).
Finally, we reverse that aspect of the Amended Final Judgment holding that the wife is in need and the husband has the ability to pay sixty percent of the wife's attorney's fees. Such an award must be based upon evidence in the record. On remand, the trial court is directed to hold an evidentiary hearing on entitlement as well as the amount of attorney's fees to be awarded. Ashourian v. Ashourian, 519 So.2d 35 (Fla. 1st DCA 1987); Dean Witter & Co. v. Polisar, 443 So.2d 311 (Fla. 4th DCA 1984).
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DOWNEY, J., and FRANK, RICHARD H., Associate Judge, concur.