650 So.2d 181 (1995)
Valerie M. GREEN, n/k/a Valerie M. Vanderwerker, Appellant,
v.
Michael W. GREEN, Appellee.
No. 94-38.
District Court of Appeal of Florida, First District.
February 9, 1995.
Kathleen C. Fox, Alachua, for appellant.
Appellee pro se.
WEBSTER, Judge.
Appellant (the former wife) seeks review of a final judgment of dissolution of marriage. She argues that the trial court committed reversible error in two respects: (1) in directing that she pay rehabilitative alimony to appellee (the former husband); and (2) in failing equitably to distribute the assets and liabilities of the parties. We agree and, accordingly, reverse.
Our review of this case is hampered by the facts that no court reporter was present at the final hearing, and the former husband elected not to participate in the preparation of the statement of the evidence that was submitted by the former wife and approved by the trial court; and by the fact that the former husband has not filed an acceptable brief on appeal. However, the record and the statement of the evidence, together, reflect the following. The parties were married to each other in December 1992, and separated in March 1993. No children were born issue of the marriage. The former husband was totally disabled prior to, and during, the marriage. His net monthly income was $1,355.00. The former wife was employed by the Gainesville Police Department. Her net monthly income was $1,255.50. Each of the parties had acquired various items of personal property prior to the marriage; and the parties acquired additional personal property during the marriage. The parties also incurred a number of debts during the marriage.
*182 Without making any findings of fact, the final judgment of dissolution of marriage awards the former husband $5,400.00 in rehabilitative alimony, payable at the rate of $150.00 per month for thirty-six months, based upon the legal conclusion that "[t]he Husband is in need of rehabilitative alimony, and the Wife has the ability to pay." The judgment directs that the rehabilitative alimony be applied against certain debts. The judgment also distributes items of personal property, and the remaining marital debts, again without any findings of fact.
"The principal purpose of rehabilitative alimony is to establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills." Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). "[R]ehabilitative alimony may not be awarded where there is no evidence that the recipient is seeking to redevelop previous job skills or train for new ones." Echols v. Elswick, 638 So.2d 581 (Fla. 1st DCA 1994). Here, there are no findings of fact to support the award of rehabilitative alimony; and neither the record nor the statement of the evidence contains anything to suggest the propriety of such an award. Rather, it appears that the trial court used rehabilitative alimony as a means of distributing some of the marital debt. However, this is not an appropriate use of rehabilitative alimony.
It further appears from the record and the statement of the evidence that the final judgment fails equitably to distribute the marital assets and liabilities; and that it purports to distribute to the former husband property acquired by the former wife before the marriage. There are no findings of fact to support such a division of the parties' assets and liabilities; and neither the record nor the statement of the evidence contains anything to suggest that such a division is appropriate. Section 61.075, Florida Statutes (1993), which governs the distribution of assets and liabilities, requires that the parties' nonmarital assets and liabilities be set apart; and that, absent unusual circumstances, the marital assets and liabilities be distributed equally.
Accordingly, the portions of the final judgment of dissolution of marriage awarding rehabilitative alimony to the former husband and distributing the assets and liabilities of the parties are reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion. If, on remand, the trial court again awards some form of alimony, it shall make findings of fact, as required by section 61.08(1), Florida Statutes (1993). The trial court shall also set aside the nonmarital assets and liabilities of the parties; and then revisit its plan for distribution of the marital assets and liabilities, pursuant to section 61.075, Florida Statutes (1993), making the findings of fact mandated by section 61.075(3).
REVERSED and REMANDED, with directions.
MINER and BENTON, JJ., concur.