755 So.2d 706 (1999)
Robert SCHLAFKE, Appellant,
v.
Mary SCHLAFKE, Appellee.
No. 98-0952.
District Court of Appeal of Florida, Fourth District.
August 4, 1999.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellant.
Donna G. Goldman of Law Offices of Donna G. Goldman, P.A., Plantation, for appellee.
DELL, J.
Robert Schlafke appeals the trial court's Final Judgment of Dissolution of Marriage on grounds that the court abused its discretion in awarding the former wife $1,400.00 a month in permanent periodic alimony and $15,000.00 in attorney's fees. We reverse and remand.
The parties entered into a settlement agreement distributing their assets and liabilities. The agreement provided that the former husband would pay the former wife $948.00 a month from his City of Hialeah pension. The agreement also provided that the former husband would keep all interest in his military pension in exchange for a lump sum payment of $25,000.00. These figures represent approximately fifty percent of the marital portions of the City of Hialeah and military pensions. The trial court ratified and approved the agreement in the Final Judgment of Dissolution of Marriage.
Based on the testimony and evidence presented at trial, the court concluded that "the wife has the need to continue the lifestyle she has been accustomed to, but the wife's total need is greater than the husband's ability to pay." The trial court awarded the former wife permanent periodic alimony of $1,400.00 a month. In determining the amount of alimony, the trial court found that the former wife earned a gross income of approximately $40,000.00 a year, and the former husband's gross income was approximately $73,000.00 a year, less the $948.00 a month ($11,376.00 a year) he paid to the former wife as the result of the equitable distribution of his pension. The trial court also awarded the former wife child support of $450.00 a month and $15,000.00 in attorney's fees.
*707 In Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), the Florida Supreme Court stated that "[t]he two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds." Id. at 1201. "Traditional alimony ... depends upon the `financial ability of the other spouse to make such payment without substantially endangering his or her own economic status.'" Gentile v. Gentile, 565 So.2d 820, 822 (Fla. 4th DCA 1990) (emphasis in original) (quoting Canakaris, 382 So.2d at 1201).
In Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986), the court held:
[Pension] benefits may be considered as a source of payment of permanent periodic alimony. The potential income may certainly bear on the employee spouse's ability to pay, and as we noted in Canakaris, this factor can be determined "not only from net income, but also net worth, past earnings, and the value of the parties' capital assets." 382 So.2d at 1202, citing Firestone v. Firestone, 263 So.2d 223 (Fla.1972).
Obviously, however, injustice would result if the trial court were to consider the same asset in calculating both property distribution and support obligations. If the wife, for example, has received through equitable distribution or lump sum alimony one-half of the husband's retirement pension, his interest in his pension should not be considered as an asset reflecting his ability to pay.
Diffenderfer, 491 So.2d at 267.
Here, the record demonstrates that the former husband's gross monthly income was $2,937.83 from employment and $3,160.19 from his pension. The former husband claimed a net monthly income of $3,270.78 in his Update of Husband's Third Amended Financial Affidavit. On appeal, he argues that even if the former wife's certified public accountant's testimony is accepted, the record reflects a net monthly income of only $3,809.11, after payment of the former wife's portion of the pension and taxes. From the record it is apparent that the former wife's certified public accountant based his testimony in part on the former husband's City of Hialeah pension income contrary to the caveat in Diffenderfer. Furthermore, after payment of $450.00 a month in child support and $1,400.00 a month in alimony, the former husband's income is insufficient to meet his living expenses of approximately $4,000.00 a month. Therefore, we hold that the trial court abused its discretion in awarding the former wife alimony of $1,400.00 a month and remand this cause to permit the trial court to reconsider the amount of the permanent periodic alimony award.
We also hold that the trial court erred in awarding the former wife $15,000.00 in attorney's fees. An award of attorney's fees must be based upon evidence in the record. See Kuharsky v. Kuharsky, 582 So.2d 78 (Fla. 4th DCA 1991). In this case, the trial court awarded the former wife attorney's fees without hearing testimony or receiving evidence with respect to her entitlement to or the amount of attorney's fees, and without finding that the former husband had the ability to pay attorney's fees. This record contains no support for the award of attorney's fees. Id.
Accordingly, we reverse and remand this cause to the trial court for reconsideration of the amount of the alimony award. We also reverse and remand the attorney's fees award with directions for the trial court to hold an evidentiary hearing on need and ability to pay and, if appropriate, the amount of attorney's fees.
REVERSED and REMANDED.
GUNTHER and HAZOURI, JJ., concur.