NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JILL FISHER POWERS,　　　　　　　)
n/k/a JILL COPE,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Appellant,　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　　Case No.  2D15-3909
　　　　　　　　　　　　　　　　　)
GREGORY PAUL POWERS　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Appellee.　　　　　　　)
_____)

Opinion filed June 10, 2016.

Appeal from the Circuit Court for Pinellas
County; Keith Meyer, Judge.

Jane H. Grossman, Law Office of Jane H.
Grossman, St. Petersburg, for Appellant.

K. Dean Kantaras, of K. Dean Kantaras,
P.A., Largo, for Appellee.


BADALAMENTI, Judge.

Jill Fisher Powers, n/k/a Jill Cope (Wife), appeals a final order on a motion

to enforce her amended marital settlement agreement (MSA) with her ex-husband,

Gregory Paul Powers (Husband).  Specifically, Wife appeals the circuit court's

construction of the MSA so as to limit Husband's financial responsibility for only certain

college-related living costs incurred by their son.  Wife also appeals the circuit court's denial of her request for attorneys' fees and costs.  We affirm the circuit court's interpretation of the MSA without comment.  However, we reverse the circuit court's denial of Wife's request for attorneys' fees and costs.

Section 61.16, Florida Statutes (2014), governs attorneys' fee and cost awards in postdissolution enforcement proceedings.  "The purpose of an attorneys' fee award under section 61.16 is to ensure that both parties will have a similar ability to obtain competent legal counsel."  Cullen v. Cullen, 884 So. 2d 304, 306 (Fla. 2d DCA 2004).  The appropriate inquiry for entitlement to fees and costs under section 61.16 is "each spouse's need for suit money versus each spouse's respective ability to pay."  Balko v. Balko, 957 So. 2d 15, 16 (Fla. 2d DCA 2007) (quoting Rosen v. Rosen, 696 So. 2d 697, 699 (Fla. 1997)); see also Cullen, 884 So. 2d at 306.  Of course, there are other factors a court may consider in addition to each spouse's financial position, such as "the scope and history of litigation; the duration of litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass . . . ; and the existence and course of prior or pending litigation."  Rosen, 696 So. 2d at 700.  But financial resources are the "primary factor to be considered under the statutory scheme."  Levy v. Levy, 900 So. 2d 737, 748 (Fla. 2d DCA 2005).

A circuit court cannot deny attorneys' fees and costs under section 61.16 without making any findings as to the parties' relative financial needs and abilities.  Perrin v. Perrin, 795 So. 2d 1023, 1024-25 (Fla. 2d DCA 2001) (citing Schlafke v. Schlafke, 755 So. 2d 706, 707 (Fla. 4th DCA 1999)).  The court must make findings of fact sufficient to permit appellate review of its decision to award or deny a party's

- 2 -

request for attorneys' fees and costs under section 61.16.  See Cullen, 884 So. 2d at 306.

Here, the circuit court's denial of Wife's request for attorneys' fees and costs states, "The Court finds no basis upon which to award either party fees or costs as requested."[1]  Because the final judgment contains no findings, we are unable to determine whether the circuit court correctly denied Wife's request for attorneys' fees and costs.  Accordingly, we reverse the denial of Wife's request for attorneys' fees and costs.  In so doing, we remand for the circuit court to reconsider Wife's request for attorneys' fees and costs and make findings of fact as to the parties' relative financial needs and abilities sufficient to permit meaningful appellate review of its decision, if needed.  Id.  We express no opinion as to whether Wife may be entitled to an award of attorneys' fees and costs on remand.

Affirmed in part; reversed in part; remanded for proceedings consistent with this opinion.


KELLY and SALARIO, JJ., Concur.

---

[1]Husband also moved for attorneys' fees pursuant to section 57.105, Florida Statutes (2014), which was also denied.  Although Husband cross-appealed this denial, he later voluntarily dismissed the cross-appeal.