NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GEORGE CONNER L. BROWN, )
          )
  Appellant/Cross-Appellee, )
          )
v.          )  Case Nos. 2D16-1643
          )       2D16-3670
TARA LIN BROWN,   )
          )
  Appellee/Cross-Appellant. )  CONSOLIDATED
_____)

Opinion filed March 16, 2018.

Appeal from the Circuit Court for
Hillsborough County; Nick Nazaretian,
Judge.

Paul S. Maney of Paul S. Maney, P.A.,
Tampa, for Appellant/Cross-Appellee.

Michael J. Park, and Joseph R. Park, of
Park, Ossian, Barnaky & Park, P.A.,
Clearwater, for Appellee/Cross-Appellant.


BADALAMENTI, Judge.

   George Conner L. Brown (the Husband) appeals an award of durational

alimony to Tara Lin Brown (the Wife). The Husband also appeals the trial court's order

awarding the Wife a portion of the attorney's fees and costs she incurred during the

parties' dissolution case. The Wife cross-appeals, challenging both the adequacy of the trial court's alimony award and the trial court's parental time-sharing schedule.

Because the record does not contain adequate factual findings as to the Wife's entitlement to attorney's fees and costs, we reverse the trial court's order on attorney's fees and remand for the trial court to make the necessary findings in order to facilitate complete appellate review. See Perez v. Perez, 100 So. 3d 769, 771 (Fla. 2d DCA 2012). Likewise, because the record does not contain adequate factual findings for this court to conduct meaningful appellate review of the parental time-sharing schedule, we reverse the amended parenting plan and remand for the trial court to make the necessary factual findings. See § 61.13(3), Fla. Stat. (2016); Clark v. Clark, 825 So. 2d 1016, 1017 (Fla. 1st DCA 2002). For each issue, we leave it to the discretion of the trial court as to whether it can resolve the issue on the current record or whether additional evidence is necessary. See Perez, 100 So. 3d at 773. We affirm all remaining portions of the final judgment of dissolution of marriage.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

CASANUEVA and SALARIO, JJ., Concur.