NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ERIN W. PHILLIPS,           )
                                  )
          Petitioner,          )
                                  )
v.                           )      Case No. 2D18-1025
                                  )
DONALD E. PHILLIPS; LOST HEAVEN )
TRUST; ENCORE TRUST; and     )
LEGACY TRUST,           )
                                  )
          Respondents.     )
_____)

Opinion filed February 20, 2019.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; Anne-Leigh
Gaylord Moe, Judge.

John B. Agnetti of Hoffman, Larin, & Agnetti,
P.A., North Miami Beach, for Petitioner.

Michael R. Carey of Carey, O'Malley,
Whitaker, Mueller, Roberts & Smith, P.A.,
Tampa, for Respondents Lost Heaven Trust,
The Encore Trust, and Legacy Trust.

No appearance for Respondent Donald E.
Phillips.


VILLANTI, Judge.

Erin W. Phillips (the Wife) petitions for a writ of certiorari to quash the trial

court's order that sustained the objections of nonparties Lost Heaven Trust, Encore

Trust, and Legacy Trust (collectively "the Trusts") to her requests for production of

documents and quashed the accompanying subpoenas for records directed to them in this dissolution case between the Wife and Donald E. Phillips (the Husband). Because the trial court's order departed from the essential requirements of the law and because the error cannot reasonably be corrected on plenary appeal at the conclusion of the case, we grant the petition and quash the trial court's order.

The primary disputes between the parties revolve around financial issues, including alimony, child support, and attorney's fees. The record shows that the trial court had previously ordered the Trusts to produce financial records for a specified period of time, at least some of which showed that the Trusts regularly disbursed funds to or on behalf of the Husband in amounts that were not reflected on his financial affidavit.

In anticipation of a hearing on her motion for temporary support and attorney's fees, the Wife sought to subpoena updated financial records from the Trusts.[1] The Trusts objected to the requests and moved to quash the subpoenas, contending that the documents were confidential and irrelevant to any issue before the court.

At a hearing on the Trusts' objections and motions to quash, the Wife asserted that she needed updated financial records to be able to establish the Husband's income and expenses so that she could offer evidence of the parties' financial resources as well as the Husband's ability to pay temporary support and attorney's fees. In response, the Husband stipulated on the record that he could afford to pay "whatever the trial court ordered." Based on that magnanimous stipulation, the

---

[1]Notably, neither the Husband nor the Trusts had objected to the court's earlier order that required them to produce the same types of documents that the Wife now seeks to have updated.

trial court sustained the Trusts' objections and granted the motions to quash the subpoenas. However, because this ruling prevents the Wife from obtaining the evidence she needs to meet her burden of proof, we must grant the petition and quash the trial court's order.

Section 61.16(1), Florida Statutes (2017), permits the trial court to order one party to pay a reasonable amount for attorney's fees, suit money, and costs to maintain or defend a dissolution action "after considering the financial resources of both parties." The purpose of such an award is "to ensure that both parties will have a similar ability to obtain competent legal counsel." Cullen v. Cullen, 884 So. 2d 304, 306 (Fla. 2d DCA 2004). In furtherance of this purpose,

> [a] circuit court cannot deny attorneys' fees and costs under section 61.16 without making any findings as to the parties' relative financial needs and abilities. Perrin v. Perrin, 795 So. 2d 1023, 1024-25 (Fla. 2d DCA 2001) (citing Schlafke v. Schlafke, 755 So. 2d 706, 707 (Fla. 4th DCA 1999)). The court must make findings of fact sufficient to permit appellate review of its decision to award or deny a party's request for attorneys' fees and costs under section 61.16. See Cullen, 884 So. 2d at 306.

Powers v. Powers, 193 So. 3d 1047, 1048 (Fla. 2d DCA 2016).

To enable the court to make the required findings, the party requesting an award of temporary support and attorney's fees must present evidence of the financial resources of both parties, the marital lifestyle, the need for temporary support, and the other party's ability to pay. The trial court is required by statute to consider all sources of income available to each spouse, including trust income, when considering such temporary awards of support and attorney's fees. See, e.g., Beck v. Beck, 852 So. 2d 934, 936 (Fla. 2d DCA 2003). Because the scope of the inquiry into the parties'

respective financial resources is relatively broad, the trial court cannot elect to limit its review to only the parties' financial affidavits if a party seeks to present additional relevant evidence. See, e.g., Weasel v. Weasel, 421 So. 2d 749, 750-51 (Fla. 4th DCA 1982) (reversing denial of motion for temporary fees and costs when the court considered only the financial affidavits and refused to consider other evidence concerning the parties' standard of living). And this is particularly true when there is some indication that the parties' financial affidavits do not fairly reflect their financial status. If the party seeking an award of temporary support and attorney's fees fails to present sufficient evidence to establish the parties' relative need and ability to pay, the trial court has no choice but to deny the motion. See, e.g., Rutan v. Rutan, 177 So. 3d 35, 36 (Fla. 2d DCA 2015); Esaw v. Esaw, 965 So. 2d 1261, 1266 (Fla. 2d DCA 2007) ("[A] 'litigant requesting . . . alimony has the burden of proof on that issue.' " (quoting Walter v. Walter, 442 So. 2d 257, 259 (Fla. 5th DCA 1983))); Gilliard v. Gilliard, 162 So. 3d 1147, 1153 (Fla. 5th DCA 2015) ("The burden to show his or her financial need and the spouse's ability to pay is on the party requesting alimony.").

Here, the Wife sought to obtain information from the Trusts about their disbursements to and on behalf of the Husband in an effort to present evidence concerning the parties' respective financial resources, the Wife's ability to retain competent counsel, and the Husband's ability to pay temporary support. The Wife asserted that there was evidence that the Husband was receiving disbursements both directly and on his behalf from the Trusts that were not reflected on his financial affidavit, and she proffered some limited evidence on this issue at the hearing on the motions to quash. In light of these facts, absent the Wife being able to obtain additional

documents and records from the Trusts, she would be precluded from carrying her burden to establish the extent of the parties' respective financial resources and the trial court would be denied the evidence it needs to make the findings required of it by statute. The Husband's stipulation can neither dispense with the trial court's statutory obligation to make findings of fact concerning the parties' financial resources nor trump the Wife's right to the financial discovery necessary to prove her case. Therefore, the trial court's order that denied the Wife the ability to obtain this relevant and necessary evidence constituted a departure from the essential requirements of the law.

In response to the Wife's petition, the Trusts contend that the Wife is not entitled to have the writ issue because she cannot show that she has no remedy on direct appeal. And the Trusts are correct that, in general, "[c]ertiorari is rarely available to review orders denying discovery because in most cases the harm can be corrected on appeal." Giacalone v. Helen Ellis Mem'l Hosp. Found., 8 So. 3d 1232, 1234 (Fla. 2d DCA 2009) (citing State Farm Mut. Auto. Ins. Co. v. Peters, 611 So. 2d 597, 598 (Fla. 2d DCA 1993), and Power Plant Entm't, LLC v. Trump Hotels & Casino Resorts Dev. Co., 958 So. 2d 565, 567 (Fla. 4th DCA 2007) ("[F]ew orders denying discovery will involve information so relevant and crucial to the position of the party seeking discovery, that it will amount to a departure from the essential requirements of law so as to warrant certiorari review.")).

> However, when the requested discovery is relevant or is reasonably calculated to lead to the discovery of admissible evidence and the order denying that discovery effectively eviscerates a party's claim, defense, or counterclaim, relief by writ of certiorari is appropriate. The harm in such cases is not remediable on appeal because there is no practical way to determine after judgment how the requested discovery would have affected the outcome of

- 5 -

the proceedings.  See Bush v. Schiavo, 866 So. 2d 136, 140 (Fla. 2d DCA 2004); Beekie v. Morgan, 751 So. 2d 694, 698 (Fla. 5th DCA 2000); Criswell v. Best W. Int'l, Inc., 636 So. 2d 562, 563 (Fla. 3d DCA 1994).

Id. at 1234-35 (emphasis added) (footnote omitted).

Here, the order at issue denied the Wife discovery of information that was relevant to her claim for awards of temporary support and attorney's fees.  Without such information, the Wife's claim for these temporary awards was effectively eviscerated because she was prevented from offering evidence to establish the Husband's financial resources and ability to pay—information that was required to enable the trial court to make the findings required of it by statute.  And the trial court's obligation to make the statutorily required findings could not be excused by the Husband's stipulation concerning his alleged ability to pay.  Therefore, in this unusual set of circumstances, the Wife has shown that the error cannot be corrected on appeal, and she is entitled to issuance of the writ.

In additional opposition to the Wife's petition, the Trusts argue that because the Husband stipulated that he can afford to pay whatever the court orders, evidence about his income and expenses became irrelevant.  And there is some limited authority from other district courts that tends to supports the Trusts' argument on this point.  See, e.g., Woodward v. Berkery, 714 So. 2d 1027 (Fla. 4th DCA 1998) (refusing to permit the mother to obtain discovery about the father's finances where the father (Tom Jones) indisputably had over $89,000 per month in income and had stipulated to his ability to pay any amount of child support awarded); Granville v. Granville, 445 So. 2d 362 (Fla. 1st DCA 1984) (quashing order denying the husband's motion for protective order in a child support case when the mother sought a modification of child

support based on her change in financial circumstances and when the father, a famous author, stipulated that he could pay any amount of child support awarded); Palmar v. Palmar, 402 So. 2d 20 (Fla. 3d DCA 1981) (finding no error in trial court refusing to permit discovery of the husband's assets in a two-year marriage where the husband stipulated that he could pay whatever was awarded).  However, unlike in those cases, this case does not involve a famous party with reasonable concerns about disclosure of assets to the media as in Woodward and Granville or a very short-term marriage as in Palmar.  Moreover, unlike in those cases, the Wife has argued here—and the record supports—that the financial affidavit filed by the Husband contained serious omissions concerning the extent and sources of his income, making it impossible for the court to rely on that document in making its findings.  Therefore, we decline to extend the holdings of those cases to this factual scenario.

Further, even if those cases could apply here, the supreme court rejected a similar argument in Miller v. Schou, 616 So. 2d 436, 437 (Fla. 1993).  In that case, the mother petitioned for an increase in child support based on an allegation that the father's income had increased dramatically.  When the court ordered the father to file a financial affidavit, he objected and then stipulated that he had the ability to pay $3000 per month in child support.  Id.  The trial court denied the father's motion, and he filed a petition for writ of certiorari, which the Third District granted.  Id.  On appeal, the supreme court noted that the father's stipulation that he could pay up to $3000 and the fact that the child's needs might be gleaned from the mother's financial affidavit could not excuse the father from providing financial information because "[w]ithout knowing [the father's] financial status it would be impossible for the trial court to determine the

appropriate" increase in child support. Id. at 438. "Simply informing the court that [the father] could provide a certain amount of child support did not provide the court with information as to the amount of support which would be reasonable." Id. The court also noted that its decision would be the same "even if [the father] had stipulated that he had the financial ability to pay any reasonable award of child support." Id. at 438 n.2. In other words, this type of stipulation does not preempt full financial disclosure in the absence of some other compelling circumstances.

Here, as in Miller, the Husband's decision to inform the court that he could provide any amount of temporary support did not provide the court with the information it needed to discharge its statutory obligation to determine the amount of temporary support that would be reasonable given the parties' financial resources. Therefore, the Husband's stipulation was insufficient to excuse the Trusts from producing the requested records.

For all of these reasons, we hold that the trial court departed from the essential requirements of the law by sustaining the Trusts' objections and quashing the Wife's subpoenas for documents relevant and necessary to her claim for awards of temporary support and attorney's fees. Accordingly, we grant the petition and quash the trial court's order.

Petition granted.

LaROSE, C.J., and SLEET, J., Concur.