DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DON DU PERAULT,**
Appellant,

v.

**TATIANA DU PERAULT,**
Appellee.

No. 4D18-1226

[May 1, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kathleen Kroll, Judge; L.T. Case No. 50-2016-DR-007756-XXXX-NB.

Troy W. Klein of the Law Office of Troy W. Klein, P.A., West Palm Beach, for appellant.

Mark C. A. Jennings of Mark C. A. Jennings & Associates LLC, Atlanta, Georgia, for appellee.

METZGER, ELIZABETH A., Associate Judge.

Don Du Perault ("Husband") appeals the trial court's final judgment of dissolution. Specifically, the Husband appeals the court's value determination pertaining to certain marital assets within the final judgment. The Husband also appeals the attorneys' fee provision applicable to future enforcement actions contained within the final judgment. We affirm the court's determination regarding the value of certain assets without comment. However, we reverse the court's inclusion of an attorneys' fee provision within the final judgment for future enforcement actions.

After a final hearing on the Husband's petition for dissolution of marriage, the trial court entered its final judgment of dissolution. The judgment addressed attorneys' fees, noting each party was to "pay their own attorneys' fees incurred in this initial proceeding." The judgment went on to state "in the event either party seeks enforcement of this Final Judgment or Parenting Plan for the other party's failure to comply, the

defaulting party shall be liable to the non-defaulting party for all fees and costs incurred as a result of the default and enforcement of same."

Section 61.16, Florida Statutes (2018), governs the issue of entitlement to attorney's fees in postdissolution enforcement proceedings. *Powers v. Powers*, 193 So. 3d 1047, 1048 (Fla. 2d DCA 2016). Entitlement to fees, pursuant to section 61.16, requires inquiry into the parties' need and ability to pay. *Id.* Other relevant factors may be considered in assessing fees, however, "the financial resources of the parties are the primary factor to be considered." *Rosen v. Rosen*, 696 So. 2d 697, 700 (Fla. 1997).

In this case, because the final judgment contained a fee provision for future enforcement actions which failed to account for the parties' need and ability to pay, we reverse and remand to the trial court for correction of the enforcement fee provision within the final judgment. *See Griffin v. Griffin*, 276 So. 2d 211, 212–13 (Fla. 4th DCA 1973).

*Affirmed in part; reversed in part; and remanded for further proceedings consistent with this opinion.*

GERBER, C.J., and CONNER, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2