NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CYNTHIA MAE ALLEN, )
)
      Appellant, )
)
v. )   Case No. 2D17-2965
)
EDWARD JUUL, )
)
      Appellee. )
_____ )

Opinion filed August 9, 2019.

Appeal from the Circuit Court for Charlotte
County; Leigh Frizzell Hayes, Judge.

Cynthia L. Greene of Young, Berman,
Karpf & Gonzalez, P.A., Miami, for
Appellant.

David T. Oliver and Phyllis A. Walker of
McCrory Law Firm, PL, Punta Gorda, for
Appellee.


LaROSE, Judge.


      Cynthia Mae Allen (Former Wife) challenges the trial court's final judgment

of dissolution of marriage to Edward Juul (Former Husband). We have jurisdiction. See

Fla. R. App. P. 9.030(b)(1)(A). We reverse that portion of the final judgment that denied

Former Wife's request for attorney's fees under section 61.16, Florida Statutes (2017);

the trial court failed to make the statutorily required findings as to the parties' respective

financial situations. We affirm, without further comment, the final judgment in all other respects.

Section 61.16(1) allows the trial court to "order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party" in a dissolution action "after considering the financial resources of both parties." In assessing a request for attorney's fees, the trial court may consider relevant factors

> such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.

Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997).

Importantly, section 61.16(1) "expressly requires the court to make findings regarding the parties' respective financial needs and abilities to pay." Sumlar v. Sumlar, 827 So. 2d 1079, 1084 (Fla. 1st DCA 2002). The parties' financial resources are the primary factor that the trial court must consider; after all, "the purpose of section 61.16, Florida Statutes, is to ensure that both parties have comparable ability to retain competent counsel." Hanson v. Hanson, 217 So. 3d 1165, 1169 (Fla. 2d DCA 2017); see generally Phillips v. Phillips, 264 So. 3d 1129, 1132 (Fla. 2d DCA 2019) (explaining what evidence the requesting party must present to support an award of attorney's fees under section 61.16). "Even in those cases raising issues of inappropriate conduct, the trial court still must consider the parties' respective need for suit money and ability to pay." Sumlar, 827 So. 2d at 1085.

To adhere to the statute's purpose, "[the trial] court cannot deny attorneys' fees and costs under section 61.16 without making any findings as to the parties' relative financial needs and abilities." Phillips, 264 So. 3d at 1131 (quoting Powers v.

- 2 -

Powers, 193 So. 3d 1047, 1048 (Fla. 2d DCA 2016)).  "[S]uch findings may be made in the written final judgment or at the hearing."  Frezza v. Frezza, 216 So. 3d 758, 760 (Fla. 2d DCA 2017).

Former Husband contends that Former Wife failed to preserve for appeal or waived her right to assert on appeal the trial court's failure to make the statutorily required findings by failing to raise the issue in her motion for rehearing.  We recently rejected a similar contention.  Engle v. Engle, No. 2D17-620, 2019 WL 2844186, at *1 (Fla. 2d DCA July 3, 2019).  We explained:

> In chapter 61 the legislature provides clear instructions to trial courts to make specific mandatory findings of fact.  But the legislature did not include a provision requiring a motion for rehearing to preserve a challenge to a lack of statutory findings.  Nor has the Florida Supreme Court or the rules committee placed such a requirement upon family law litigants.

Engle, No. 2D17-620, 2019 WL 2844186, at *1.  Moreover, "the preservation rules were not designed to allow a trial court to ignore statutory requirements of which it should be aware.  Certainly, a judge sitting in family court should be cognizant of what findings are statutorily required in a final judgment of dissolution."  Id. at *6 (quoting Fox v. Fox, 262 So. 3d 789, 794 (Fla. 4th DCA 2018)).  Therefore, "the trial court's failure to make specific factual findings that are required by statute as set forth in chapter 61 is reversible error regardless of whether the error was first raised in the trial court by means of a motion for rehearing."  Id.; see also Fox, 262 So. 3d at 794-95 (receding from prior Fourth District opinions "to the extent they adopted a new rule requiring a motion for rehearing to raise a trial court's failure to make statutorily-required findings on appeal").

Here, the trial court made no oral findings of the parties' financial positions or the Rosen factors at the trial. In its written final judgment, the trial court ruled that

> [Former Husband] is entitled to his reasonable attorneys' fees incurred as a result of [Former Wife's] claim for return of her cash deposits, to include his fees related to the 3 additional days of trial necessitated by [Former Wife's] claim. . . . [Former Wife's] Motion for Attorney's Fee is denied.

The trial court had previously determined in the judgment that Former Wife's claim for return of cash deposits was frivolous. Still, the trial court made no factual findings regarding the parties' financial positions or the grounds supporting its denial of all of Former Wife's requested attorney's fees. Moreover, there is no indication that the trial court ever considered the parties' respective need for attorney's fees and ability to pay.

Because the trial court failed to consider or make any findings regarding the parties' financial positions, we reverse the trial court's denial of Former Wife's request for attorney's fees and remand to the trial court to reevaluate the request. See Engle, No. 2D17-620, 2019 WL 2844186, at *1, 6.

On remand, the trial court shall take into consideration and make specific detailed findings of fact regarding the parties' financial resources and any of the Rosen factors that are relevant to its determination. See Sumlar, 827 So. 2d at 1085. "If necessary, the court may take additional evidence on this issue." Richards v. Weber, 221 So. 3d 714, 715 (Fla. 2d DCA 2017). Because we reverse that portion of the final judgment denying Former Wife's motion for attorney's fees to allow for the trial court's inclusion of written findings, we express no opinion as to Former Wife's entitlement to such an award on remand.

Additionally, for the reasons set forth in <u>Engle</u>,

> we certify conflict with the First District's opinion in <u>Owens[ v. Owens]</u>, 973 So. 2d 1169 [(Fla. 1st DCA 2007)], the Fifth District's opinion in <u>Mathieu[ v. Mathieu]</u>, 877 So. 2d 740 [(Fla. 5th DCA 2004)], the Third District's opinion in <u>Broadfoot[ v. Broadfoot]</u>, 791 So. 2d 584 [(Fla. 3d DCA 2001)], and the cases of those districts that rely on those opinions for the proposition that the trial court's error of failing to make statutorily required factual findings in chapter 61 proceedings must first be raised in the trial court by way of motion for rehearing in order to be preserved for appellate review.

See <u>Engle</u>, No. 2D17-620, 2019 WL 2844186, at *6. We again "urge the Family Law Rules Committee to review and address this issue." <u>See</u> <u>id.</u> (citing <u>Fox</u>, 262 So. 3d at 795).

Affirmed in part, reversed in part, remanded, and conflict certified.

SALARIO and BADALAMENTI, JJ., Concur.