# Third District Court of Appeal

## State of Florida

Opinion filed January 14, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2262
Lower Tribunal No. 17-3528-FC-04
_____

**Amal Crane,**
Appellant,

vs.

**Matthew Harrison Crane,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Amal Crane, in proper person.

Nancy A. Hass, P.A., and Nancy A. Hass (Hollywood); Hertz • Sager, and Christy L. Hertz, and Katie E. Sager, for appellee.

Before SCALES, C.J., and MILLER, and GOODEN, JJ.

MILLER, J.,

In this high-conflict, post-dissolution case, the former wife, appellant, Amal Crane, challenges a final order granting the former husband, appellee, Matthew Harrison Crane, $95,271.55 in attorney's fees following a finding of contempt of court. She raises a myriad of issues on appeal; all but one are meritless or evade our review. See Brewer v. Solovsky, 945 So. 2d 610, 611 (Fla. 4th DCA 2006) ("An award of attorney's fees requires competent and substantial evidence. Competent evidence includes invoices, records and other information detailing the services provided as well as the testimony from the attorney in support of the fee.") (citations omitted); Cohen v. Cohen, 414 So. 3d 244, 246–48 (Fla. 4th DCA 2025) (former husband was not required to present expert testimony to corroborate reasonableness of his requested award of attorney's fees); Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."). We conclude the order is facially deficient for failing to reflect whether the former husband has a need and the former wife has the present ability to pay the awarded fees. See Du Perault v. Du Perault, 270 So. 3d 424, 425 (Fla. 4th DCA 2019) ("[B]ecause the final judgment contained a fee provision for future

2

enforcement actions which failed to account for the parties' need and ability to pay, we reverse and remand to the trial court for correction of the enforcement fee provision within the final judgment."); Hammad v. Hammad, 146 So. 3d 532, 533 (Fla. 5th DCA 2014) (reversing and remanding the award of attorney's fees where the trial court failed to make the required findings in the final judgment regarding one spouse's financial need and the other spouse's ability to pay); Green v. Green, 650 So. 2d 181, 182 (Fla. 1st DCA 1995) (noting that one spouse's financial need and the other spouse's present ability to pay is a legal conclusion); Goulding v. Goulding, 368 So. 3d 49, 56–57 (Fla. 2d DCA 2023) (holding that an order awarding fees as a sanction for wife's contempt was facially deficient for its failure to address whether wife had present ability to pay and husband had need for the award). Accordingly, we reverse and remand solely for such a determination.

Reversed and remanded.