DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

———————————————

MARISSA D. LALLY,

Appellant,

v.

WESLEY D. RABER,

Appellee.

No. 2D2025-1414

———————————————

May 13, 2026

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Sarasota County; Maria Ruhl, Judge.

Dulce B. Fazel of Dulce B. Fazel, P.A., Phoenix, Arizona, for Appellant.

Luke Lirot and Rachel Ricks of Luke Charles Lirot, P.A., Clearwater, for Appellee.

ROTHSTEIN-YOUAKIM, Judge.

Marissa Lally appeals an amended judgment modifying the parenting plan between her and her former husband, Wesley Raber. The modification concerns timesharing with their minor child, A.R. Lally also challenges the trial court's summary denial of her request for attorney's fees. We reverse the amended judgment as to both issues.

After an evidentiary hearing, the trial court granted Lally's petition to modify the parenting plan, but it did not grant Lally the full relief that she requested. Rather, it ordered continued joint therapy between Raber

and A.R., notwithstanding extensive testimony that the therapy was contributing to A.R.'s emotional decline.[1]

Lally contends that although the trial court correctly found a substantial and material unanticipated change in circumstances warranting modification, it did not make adequate written "best interests" findings under section 61.13(2)(c)1 and (3), Florida Statutes (2024), to support the relief that it ordered. We agree and therefore reverse and remand for the court to make those required findings. *See Brown v. Brown*, 239 So. 3d 1271, 1272 (Fla. 2d DCA 2018) ("[B]ecause the record does not contain adequate factual findings for this court to conduct meaningful appellate review of the parental time-sharing schedule, we reverse the amended parenting plan and remand for the trial court to make the necessary factual findings."). We leave it to the trial court to determine whether the current record is sufficient or whether additional evidence is needed.[2]

Although the parties noted at the hearing that they were reserving for another time their evidentiary presentations regarding attorneys' fees, the trial court denied Lally's request for fees without explanation in the amended judgment. That was error. *See* § 61.16(1), Fla. Stat. (permitting fees in modification proceedings); *Allen v. Juul*, 278 So. 3d 783, 785 (Fla. 2d DCA 2019) ("To adhere to the statute's purpose, '[the trial] court cannot deny attorney's fees and costs under section 61.16

---

[1] There was, however, also some testimony suggesting that her decline could be due to other causes.

[2] It is unclear from the amended judgment whether the trial court believed that Lally was required to prove the existence of separate proceedings against Raber for his alleged conduct if Lally wished to rebut section 61.13(2)(c)1's presumption of equal timesharing. For the court's benefit on remand, we note that under section 61.13(2)(c)2, Lally was not required to prove the existence of such proceedings.

2

without making any findings as to the parties' relative financial needs and abilities.' " (alteration in original) (quoting *Phillips v. Phillips*, 264 So. 3d 1129, 1131 (Fla. 2d DCA 2019))); *Gudur v. Gudur*, 277 So. 3d 687, 693–94 (Fla. 2d DCA 2019) ("As to attorney's fees, the trial court ordered that '[e]ach party shall pay his/her own attorney's fees.'  The trial court cannot deny a request for attorney's fees under section 61.16 without making findings as to one party's ability to pay an award of fees and the other party's need for the payment of fees.").  Thus, we also reverse and remand for the trial court to make findings under section 61.16 before deciding Lally's request for fees.  We express no opinion, however, on whether Lally is entitled to fees.

In all other respects, we affirm the amended judgment without further comment.

Affirmed in part; reversed in part; remanded with instructions.

KELLY and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.